**WEST LAKE HUNTING & FISHING CLUB v. DUNAHOE et al.   (No. 3754.)**

Court of Civil Appeals of Texas.   Texarkana. Oct. 24, 1929.

LEVY, J. (after stating the case as above).

[1, 2] The West Lake Hunting & Fishing Club insists that affirmative relief of an equitable nature was sought by the club on the bond, in addition to the interpleader of the conflicting claimants, and, as the bond in question was to be performed by its terms in Dallas, the venue would properly lie in Dallas county as to the principal and sureties on the bond under subdivision 5 of article 1995, Complete Tex. St. 1928, and as to the other named claimants new subdivision 29a would be applicable. The controversy was not an action for debt or on the bond by appellant against the contractor or the obligors of the bond; but, the money being in court, it became a claim of ownership and possession, or a possessory action as to the specific funds between the claimants. The present proceedings became and was in purpose and effect, we think, one in which the West Lake Hunting & Fishing Club admits its obligation to pay the balance of $1,800 due on a contract, completely performed and the work accepted, and admits custody and control of $3,000 voluntarily delivered by the obligors of the bond, to be paid to or contributed towards payment of rival claimants. Such sums of money were tendered into court with the request "that this court divide and decree said sums to the parties herewith joined who may be rightfully entitled thereto, and that upon such distribution, both as to the $1,800 and the sum of $3,000 herewith tendered, this complainant be fully and finally discharged from any and all liability to any parties herewith joined, or that may hereafter be joined, or that may hereafter assert claims against it."

The allegations of the petition and the evidence make a good cause for interpleader of the rival claimants to the fund; and, this being so, the remedy of interpleader was allowable to the appellant. But the appellant whose domicile was in Dallas cannot require all the parties to interplead in that county. None of them reside there, and they cannot be drawn into that jurisdiction and required there to interplead. It is not allowable to a complainant at all events to seek the forum or county of his choosing for the institution of the proceedings. Such character of proceedings, as in ordinary suits, shall be tried in the county of the residence of a defendant against whom substantial relief is prayed. That was the ruling and intended ruling in Rochelle v. Pacific Express Co., 56 Tex. Civ. App. 142, 120 S. W. 543. In that case J. F. Rochelle, a rival claimant to the fund, resided in Bowie county, where the express company filed the proceedings, and consequently that county was the proper county, or "proper forum," for the express company to have filed a complaint of interpleader.

It is thought that the trial court correct-

Turner, Rodgers & Winn, of Dallas, for appellant.

J. H. Beavers, of Winnsboro, Jones & Jones, of Mineola, and W. H. Barnes, of Forney, for appellees.

ly decided the defendants' application, and made the proper order thereunder, and therefore the judgment is affirmed.