**PRESSTITE ENGINEERING CO. et al. v. RICHARDS.**

**No. 10004.**

Court of Civil Appeals of Texas. Austin.

Oct. 17, 1951.

Rehearing Denied Nov. 7, 1951.

Eskridge & Groce, by Charles R. Hancock, San Antonio, for appellants.

Richards & Richards, Lockhart, Ralph W. Yarborough, Austin, for appellee.

GRAY, Justice.

This appeal is from a judgment overruling appellant's plea of privilege.

Appellee, a resident of Caldwell County and the owner of the W. & R. Locker Plant located in Austin, sued John W. Whitten, a resident of McLennan County, Mundet Cork Corporation, a New York corporation, with an agent, designated for service, residing in Dallas, and Presstite Engineering Company (appellant), a Missouri corporation, with its home office in St. Louis, Missouri.

Appellee's suit was filed in Caldwell County and was for damages alleged to have been sustained by him as the result of the use by John W. Whitten of sealing compounds in the performance of his contract with appellee to re-insulate appellee's locker plant. It was alleged that these sealing compounds were furnished by appellant and that they caused contamination of food products stored in the locker plant causing appellee to suffer damages in various alleged respects.

Mundet Cork Corporation was alleged to be liable to appellee by reason of its having participated in the furnishing of the sealing compounds.

Prior to filing its plea of privilege, there was filed on behalf of appellant "Suggestion of Amicus Curiae", wherein it was said

that appellant is not and has never been present within the State, and that Victor E. Barlow is not its agent.

The other defendants filed separate pleas of privilege and each was overruled. Only the appellant has perfected an appeal.

Appellant, in its plea of privilege, alleged that it was not a resident of Caldwell County, and further:

"At the institution of such suit and at the time of service of process herein, the Texas residence of this defendant was and at the time of the filing of this plea is Dallas County, Texas, and at such time the post office address of this defendant's attorneys is 911 Frost Bank Building, San Antonio, Texas.

"No exception to the exclusive venue in the County of one's residence provided by law exists in said cause."

In its answer to appellant's controverting affidavit, appellant alleged:

"Presstite Engineering Company is a foreign corporation, incorporated under the laws of the State of Missouri; that the Texas residence of this defendant was at the time of filing of the plea of privilege and is now in Dallas County, Texas; that this defendant is doing an interstate business in this state and has a representative, Victor E. Barlow, in Dallas County, Texas; that this representative is a sales engineer who solicits industrial problems from various businesses in the state and helps to work out solutions, and who solicits orders for the sale of products of defendant, and establishes contractual relations between various businesses and this defendant. This representative carries on the charter purposes of this defendant and conducts his business from his headquarters in Dallas County, Texas.

"Defendant says that by reason of the above venue cannot be sustained against it in Caldwell County, Texas, under the provisions of exception 3 of Article 1995, V.A.C.S., as exception 27 of Article 1995, V.A.C.S., alone is applicable to this state of facts."

In appellee's original petition, which was made a part of his controverting affidavit, he alleged: "Defendant Presstite Engineering Company of St. Louis, Missouri, is a foreign corporation, duly incorporated and existing under the laws of the State of Missouri, with its home office in St. Louis, Missouri, but service may be had upon it in Dallas, Dallas County, Texas, where Victor E. Barlow, one of its agents, may be found. Defendant Presstite Engineering Company has no permit to do business in Texas."

Appellant does not here challenge the sufficiency of the evidence except to say that the proof of agency required the cause, as to it, to be transferred to Dallas County by reason of the provisions of exception 27 of Article 1995, Vernon's Ann.Civ.St.

That exception provides: "Foreign corporations.—Foreign corporations, private or public, joint stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside."

Exception 3 of that Article provides: "Non-residents; residence unknown.—If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides."

We think that proof (or absence of proof) of residence of appellant in Texas through agents or representatives insofar as venue is concerned, would be relevant and pertinent under either and both of the foregoing exceptions.

The evidence shows that appellant is a foreign corporation with its home office in St. Louis, Missouri, the State by which it was chartered. It has no permit to do business in Texas, has no office in Texas, and is engaged in interstate commerce. The evidence further shows that Victor E. Barlow is in the employ of appellant, that he maintains a home in Dallas in which he and his family reside. His duties as an employee of appellant require him to travel over eight States, when he is away from his home, he may be contacted by calling his home, over

his own telephone, and there being informed as to where he may be reached. Appellant has no telephone or address listed in Dallas County and no office there.

Barlow testified that appellant is engaged in the business of manufacturing industrial sealing compounds and the sale thereof. Its plant is located in St. Louis. Upon being asked to state exactly what he did for appellant, he said: "I am a salesman engineer, primarily my work is constituted soliciting industrial sealing problems. I primarily choose my prospectus by virtue of past experience with similar types of industry and realize virtually all types of industry have sealing problems of one type or another. My job consists primarily of consulting with these people who have the responsibility of carrying on the production of various industrial articles and familiarize them with the part that Presstite has played and does play in the solution of sealing problems."

Upon being asked what he did at his home in Dallas, Barlow said: "Well, I maintain the files, all the correspondence and information on business of our company which is pertinent to my particular area. I maintain a stock of representative samples of our manufacture of industrial sealing materials. My customers are familiarized with the fact that Dallas will always know where I am in the event they want to contact me in my work with the industry, particularly with the aircraft industry at this time. I am on a practically 24-hour call because they are working around the clock, and Dallas always refers any calls that come in to me there to whatever portion of the territory I may be in. My itinerary is always left there as to where I will be."

At no place does this witness say that he makes any character of contracts, or does any other act, which, in any manner, is binding on appellant. When he was present at appellee's locker plant after the alleged damages had begun, he said he was sent there to collect the facts, "as many of the facts as I could observe seeing this particular job in the stage it was in at the time I arrived there." And that he then told appellee that he could not bind the company and was not undertaking to bind it.

The sealing compound alleged to have caused appellee's damage was sold by appellant to Mundet Cork Corporation for use by Whitten in appellee's plant, and was shipped by appellant from St. Louis to Mundet Cork Corporation in care of John W. Whitten, W. & R. Locker Plant, Austin, Texas. Barlow had nothing to do with this sale and shipment and apparently knew nothing of it prior to the time he was sent to appellee's plant to gather the facts.

There is no showing that Barlow carried on any business for appellant in Dallas. He resided there and kept a file in his home, but his testimony implies that this file was kept for his own business and convenience rather than for appellant's.

It is our opinion that the evidence is insufficient to support appellant's argument that Barlow was an agent or representative of appellant sufficient to establish its residence in Dallas County for the purpose of venue in this suit. Mergenthaler Linotype Co. v. Herrmann, Tex.Civ.App., 211 S.W.2d 633.

The proof goes no further than to show that appellant's agent, Barlow, resided in Dallas County and through his own telephone at his home could be located. There is an absence of any proof that any business was transacted there. These facts do not establish the existence of an agent or representative of appellant in Dallas County. Rudco Oil & Gas Co. v. Ogden, Tex. Civ.App., 167 S.W.2d 586.

The trial court made no specific findings, however we must presume that he weighed all the evidence before him, and his finding against appellant is sufficient to support his conclusion that the residence of appellant in Dallas County for the purpose of venue in this cause does not exist.

Victor E. Barlow was shown to be an employee of appellant but this proof cannot be said sufficient to show that he was its agent or representative in Dallas County within the meaning of exception 27, supra. Talley v. Shasta Oil Company, Tex.Civ. App., 146 S.W.2d 802.

The judgment of the trial court is affirmed.

Affirmed.