**DUVAL COUNTY RANCH COMPANY,**
Appellant,

v.

**The TEXAS COMPANY et al., Appellees.**

No. 10468.

Court of Civil Appeals of Texas.

Austin.

March 27, 1957.

L. Keith Simmer, Fulbright, Crooker, Freeman, Bates & Jaworski, Fouts, Amerman & Moore, Houston, for appellant.

Will Wilson, Atty. Gen., James H. Rogers and J. Milton Richardson, Asst. Attys. Gen., Wm. E. Loose, Houston, Black & Stayton, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order overruling a plea of privilege filed by appellant to be sued in the county of its residence, Harris County, Texas. Appellee, The Texas Company, has its principal office in Houston, Harris County, Texas and brought this suit in Travis County against appellant and the State of Texas, also an appellee herein. The suit was in the nature of a bill of interpleader. The Texas Company alleged that it held in its possession the value of 1/16th of the oil and gas produced from certain tracts of Relinquishment Act land which it had entered under a paper executed by the Ranch Company, as surface owner, and had produced oil and gas therefrom. That the State had previously filed a suit for 7/8ths of the minerals and judgment had been entered under which the State recovered 7/8ths thereof and that 1/16th of the oil and gas had not been paid to either the State or the Ranch Company in the sum of $67,026.23. Appellee, The Texas Company, alleged it had tendered said money into court and that it believed it could not pay the money to either the State or the Ranch Company without risk of becoming liable for a double payment. The petition alleged that the only parties inter-

ested in the fund were this appellant and the State, both the Land Commissioner Earl Rudder and the Attorney General John Ben Shepperd were added as parties defendant in the bill.

The Attorney General appeared and answered the suit asserting a claim to the fund on behalf of the State of Texas. No plea to the jurisdiction or special appearance was attempted. This answer was filed both for the State and for Commissioner Rudder and was filed July 2, 1956. Thereafter the Attorney General filed a plea to the jurisdiction of the court in which he alleged that no legislative permission to sue had been obtained and in the event appellant's plea of privilege should be sustained he wanted the suit dismissed as to the State and Commissioner Rudder, his position, therefore, being that he had only appeared in the event no plea of privilege should be filed. The State did not controvert the plea of privilege, but appellee, The Texas Company, did so. The only grounds upon which venue was sought to be sustained are under subdivisions 30, 4 and 29a of Article 1995. None of these sections, appellant contends, have any application to this case. The court entered its order overruling defendant's plea of privilege, which had been duly and timely filed.

The appeal is before this Court on five points assigned as error and are that since the plaintiff in a bill of interpleader cannot require defendants to interplead in a county where none of the defendants interested reside, the plea of privilege should have been sustained; that the domicile of the State is statewide and the plaintiff's suit does not come within any exception to exclusive venue in the county of appellant's residence; that the joinder of the Land Commissioner and Attorney General as defendants does not sustain venue in Travis County, because such parties are not necessary parties and own no interest in the fund; that since the State submitted itself to the jurisdiction of the court and sought affirmative relief it was in court as any other litigant and subject to the venue rights of

appellant, and that plaintiff failed to make a prima facie case in the hearing and that the plea of privilege should have been sustained.

Plaintiff's petition alleges that either the State of Texas or Duval County Ranch Company are entitled to the money tendered into court. The answer of the Land Commissioner and Attorney General is to the effect that the money be paid to the State.

Neither the State, Land Commissioner nor the Attorney General controverted the plea of privilege. In the controverting plea, appellee, The Texas Company, relied on subdivisions 4, 29a and 30 of Article 1995, with the statement that the Land Commissioner and the Attorney General are necessary parties and have consented to be sued in Travis County and that Travis County is the seat of government.

At the outset we are confronted with the contention of the State that it is not in the suit; that its answers were filed before a plea of privilege had been filed, and any such answers were conditional, and that subsequently a plea of the jurisdiction was filed. We are concerned solely with a venue question.

Bills of Interpleader are no different insofar as venue is concerned from other actions. West Lake Hunting & Fishing Club v. Dunahoe, Tex.Civ.App., 22 S.W.2d 542.

 It is conceded that in event there is a recovery by the State that neither the Land Commissioner nor the Attorney General would have any interest in the fund, and the suit is against the State which cannot be sued without legislative permission. Tidewater Associated Oil Co. v. Giles, Tex. Civ.App., 277 S.W.2d 291, er. ref., N.R.E.

Appellee, The Texas Company, admits that a dismissal of the Commissioner and the State from the suit will deprive it of its right to maintain this interpleader proceedings in Travis County, but that The Texas Company would be open to multiple litigation if the cause is adjudicated in

Harris County, without the presence of the State as a party.

■ We believe that the court was in error in overruling the plea of privilege. It is admitted that appellant's residence and domicile is in Harris County and the State takes the position that it is not in the case as a party, but even if it is a party its presence does not affect the question of venue in this case because the State is not a resident of any particular county. Martin v. State, Tex.Civ.App., 75 S.W.2d 950. Consequently there is no defendant residing in Travis County to meet the provision of subdivision 29a, Article 1995.

Since we are concerned solely with the venue of this cause and not with the merits we do not pass on the jurisdictional questions as to proper parties.

The order overruling the Plea of Privilege is reversed and the cause remanded with instructions to transfer the same to one of the District Courts of Harris County, Texas.

Reversed and remanded with instructions.