FIREMAN'S FUND INSURANCE COMPANY, Appellant,

v.

Mabel McDANIEL et al., Appellees.

D. L. ROSE, Appellant,

v.

Mabel McDANIEL et al., Appellees.

Wayne DURHAM, Appellant,

v.

Mabel McDANIEL et al., Appellees.

Nos. 6146, 6167, 6172.

Court of Civil Appeals of Texas.

July 17, 1959.

On Motion for Rehearing Sept. 9, 1959.

Johnson, Guthrie & Stanfield, Dallas, for Fireman's Fund Ins. Co.

Scarborough, Black & Tarpley, Abilene, for Rose.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for Durham.

McDaniel, Hunt & Fairchild, Center, Johnson, Guthrie & Stanfield, Dallas, for McDaniel et al.

HIGHTOWER, Justice.

This is a venue matter. It concerns the three separate appeals, as above captioned, from three separate orders of the trial court overruling three separate pleas of privilege after separate hearings had on each plea. This opinion is in lieu of our former opinion of June 5, 1959, which has been withdrawn.

On April 9, 1957, Mabel McDaniel and Dean McDaniel of Shackelford County, Texas, Evelyn M. Stevens and husband, B. R. Stevens of Nolan County, Texas, instituted suit in the District Court of Shelby County, Texas, against Fireman's Fund Insurance Company, a foreign corporation doing business under a permit in Texas, and Wayne Durham, an agent of Fireman's Fund Insurance Company. The suit is numbered 16,230 in the trial court and is styled Mabel McDaniel, et al. v. Fireman's Fund Insurance Company, et al. The suit was on a policy of fire insurance issued by the company to D. L. Rose, alleged to cover an oil rig against the hazard of fire. Plaintiffs alleged the rig was totally destroyed by fire near Throckmorton, Throckmorton County, Texas, on March 1, 1957,

and that they are entitled to recover the face amount of the policy. They alleged that while the policy was issued in the name of Rose alone, the plaintiffs are and were at all times material to the controversy the heirs and community survivor of one R. D. McDaniel, deceased, alleged to have been a partner of Rose; that the oil rig was partnership property and that under a proper partnership accounting all the proceeds alleged to be due on the policy of fire insurance are due to them alone. Fireman's Fund duly filed its plea of privilege, asking that it be sued in the county of its principal place of business in Texas, which is Dallas County, Texas, and the defendant, Wayne Durham, duly filed his plea of privilege, asking to be sued in the county of his residence which is Taylor County, Texas. Both pleas of privilege were controverted and overruled by the trial court.

D. L. Rose denies the plaintiffs' claim of partnership and that they have any right, title or interest in the proceeds alleged to be due on the policy sued on and claims the entire proceeds of said policy to himself. Therefore, subject to its own plea of privilege, Fireman's Fund Insurance Company asked that D. L. Rose be made a party to the cause which the trial court did after having first overruled the plea of privilege of Fireman's Fund.

Rose then filed his plea of privilege to be sued in the county of his residence, which is Shackelford County, Texas. After this plea was filed the plaintiffs later amended their original petition and made Rose a party defendant also. They sought a partnership accounting, and damages against him, etc., as will be more fully discussed hereinafter. On this same day that the plaintiffs filed their cause of action against Rose, they also filed their controverting affidavit to his plea of privilege. Subject to its own plea of privilege, Fireman's Fund next controverted Rose's plea. Both Fireman's Fund and the plaintiffs also filed pleas to the effect that Rose was estopped from asserting his privilege to be sued in Shackelford County by virtue of

certain conduct on his part in connection with litigation then pending between himself and the plaintiffs in Shackelford County.

It is interesting to observe that none of the parties were residents of Shelby County at the time the suit was instituted. The principal office and Texas residence of Fireman's Fund was in Dallas County. Its agent, Durham, was a resident of Taylor County. Rose was a resident of Shackelford County. The policy of insurance on which the suit was brought was sold to Rose by Durham in Taylor County. The loss of the rig is alleged to have occurred in Throckmorton County. The McDaniels (plaintiffs) lived respectively in Shackelford and Nolan Counties.

Before taking up Fireman's Fund's points of error, we first dispose of the McDaniels' counterpoint that Fireman's Fund waived its plea of privilege. They say:

"Plaintiffs' original petition was filed in the trial court on April 9, 1957. On April 27, 1957, appellant filed its plea of privilege and its original answer making a new party [Rose] subject to the plea of privilege. On May 2, 1957, appellees duly controverted said plea of privilege and on May 25, 1957, upon full hearing, the court overruled said plea of privilege as shown by said order overruling said plea. The appellant in open court duly excepted to the overruling of the plea, but did not at that time give notice of appeal. After the plea of privilege was overruled on May 25, 1957, appellant sought and was granted leave to make D. L. Rose a party to this suit and * * * citation was issued to D. R. Rose making him a party as prayed for in appellant's answer. * * * After the citation was issued and process had been served on D. L. Rose making him a party to this suit, * * * appellant * * * filed its notice of appeal and its appeal bond. It is, therefore, shown that after the plea of privilege was

overruled, and before notice of appeal was given or appeal bond was filed, appellant invoked the general jurisdiction of the court by seeking leave to implead the third party, obtaining an order granting such leave and obtaining service of process and impleading the third party. Appellant, therefore, waived its plea of privilege."

■ We are acquainted with the alleged rule that venue is waived if a party seeking to remove a case on a plea of privilege asks for and obtains affirmative relief before the plea of privilege is acted on. Whisnant v. Kurtz, Tex.Civ.App., 228 S.W. 977. However, that is not the situation in this case. Fireman's Fund duly filed its plea of privilege and subject to such plea of privilege, filed its answer in which it pointed out to the trial court that a third party, Rose, was asserting a claim for the identical proceeds alleged to be due on the fire insurance policy which the McDaniels were seeking. Having done this after its plea was overruled the same was not waived. The error in the counterpoint, which we overrule, is clearly disclosed in Stark v. Super-Cold Southwest Co., Tex.Civ.App., 239 S.W.2d 402, mand. overruled.

Briefly, the crux of Fireman's Fund's points of error is:

"(1) That the evidence failed to establish that the appellant had an agency or representative in Shelby County within the meaning of Sub. 27 of Article 1995, Vernon's Ann.Civ.St. (2) That said Sub. 27 is void. (3) That said Sub. 27 has been amended or repealed."

In its argument under its first point Fireman's Fund says: "In order for plaintiffs to have the right to sustain venue in Shelby County, Texas, as against Fireman's Fund Insurance Company's right to be sued in the county of its residence, the burden was on the plaintiffs to prove by a preponderance of the evidence that Fireman's Fund Insurance Company not only had agents or representatives in Shelby County, Texas, at all times material to the lawsuit, but that these agents or representatives were actually transacting the company's business there." It says such facts were not proved. In support of this contention it cites Presstite Engineering Co. v. Richards, Tex.Civ.App., 243 S.W.2d 230, and cases there cited.

■ The words "agency" or "representative" as used in Sub. 27 has been generally held to refer to one who is subject to control of the corporation, and authorized to act on its behalf in promoting corporate affairs and purposes in the county of suit. The application is to foreign and domestic corporations alike. In construing the words as used in Sub. 23 of Art. 1995, V.A.C.S., the Supreme Court has recently stated: "* * * in our opinion the statute refers to a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative'." Milligan v. Southern Express, Inc., 151 Tex. 315, 250 S.W.2d 194, at page 198. There can be no doubt that the same meaning is applicable to Sub. 27. In either case the appellees have met the test.

Plaintiffs' original petition, filed April 9, 1957, alleged appellant to have an agency or representative in Shelby County at that date and at all times material, to suit. These allegations were incorporated in the affidavit controverting the plea of privilege. Subsequently, the appellant replied affirmatively to the following requested admissions: (17) "Since July 1, 1954, and continuously until the present time, the defendant, Fireman's Fund Insurance Company, has had an agent or representative in Shelby County, Texas." (18) "From January 1, 1957, through May 6, 1957, the defendant, Fireman's Fund In-

surance Company, has been doing business within Shelby County, Texas." (19) "The defendant, Fireman's Fund Insurance Company, has been entering into contracts of fire insurance with various residents of Shelby County, Texas, in Shelby County, Texas, for more than three years in the regular course of its business." (20) "At all times material to this suit, defendant, Fireman's Fund Insurance Company, had had an agency or representative in Shelby County, Texas." Other admissions were that of two of appellant's agents residing in Shelby County at all times material to the suit.

The effect of Fireman's Fund's argument is, that notwithstanding its admissions, it was not proved that its agents, agency or representative in Shelby County did any of its admitted business in such county; that all business done by or through such media may have been done solely in counties other than Shelby; that the business admitted to have been done in Shelby County may have been done there through agents, agencies, or representatives located in counties other than Shelby.

■■■■ Such argument is not tenable. The original petition and controverting affidavit charged the company with having an "agency or representative" in Shelby County within the meaning of Sub. 27. Fireman's Fund is presumed to have known the legal meaning of such phrase. It must be held to have made its admissions accordingly. See many cases in Texas Digest, topic Evidence, ■■■■ We are of the opinion that such admissions would, in any event, support the court's finding thereon.

Fireman's Fund's last two points have not, to our knowledge, been heretofore raised in Texas. Their substance is (2) that Sub. 27 of Art. 1995, V.A.C.S., is unconstitutional within the meaning of the equal protection clause of the 14th amendment to the United States Constitution as affording a wider venue for actions against foreign corporations doing business in Texas than is afforded against domestic corporations under Sub. 23 of said article as amended, 1943. And (3) that the amendment adopted by the Legislature in 1943, with respect to domestic corporations as is now shown in Sub. 23, when considered with Art. 1532 of Vernon's Ann.Civ.Stats. of Texas, which provides:

> "Such corporation (foreign), on obtaining such permit, shall have and enjoy all of the rights and privileges conferred by the laws of this State on corporations organized under the laws of this State."

And Art. 8.02 of the Business Corporation Act, V.A.T.S., which provides:

> "A. A foreign corporation which shall have received a certificate of authority under this Act shall * * * enjoy the same, but no greater rights and privileges as a domestic corporation * * *,"

necessarily implies that the Legislature has, in effect, amended Sub. 27 so as to require that before a foreign corporation can be sued outside of the county of its residence in this State, it must have an agent or representative in the county where sued and the cause of action, or a part thereof, must have arisen in that county, as is also true of domestic corporations.

We discuss these last two points together but in obeisance to the established law and consequent reluctance of the courts to declare a statute unconstitutional only where clearly necessary to a decision of a case, we first dispose of the contention that Sub. 27 has been repealed, and if so, to what extent. However, in considering either the repeal or the constitutionality of Sub. 27, a comparison of its pertinent provisions with those of Sub. 23 becomes necessary. Such subdivisions are

accordingly set out in the footnotes hereto.[1-2]

Early legislation specifically establishing venue for suits against corporations provided that corporations "created by or under the laws of the State, or any other State or county, may be sued in any court in this State having jurisdiction of the subject matter, and in any county where the cause of action or a part thereof accrued, or in any county where such corporation has an agency, or representative, or in the county in which the principal office of such corporation is situated." Acts, 1874, 14th Leg., G.L., Vol. 8, ch. 34, p. 32.

With such changes as indicated this Act was incorporated in the Revised Civil Statutes of Texas of 1879 as Sub. 21 of Art. 1198, as follows: "Suits against any private corporation, association or joint stock company may be commenced in any county in which the cause of action or any part thereof arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated."

Such provision, without modification of substance, here pertinent was carried forward to become Sub. 23 of Art. 1995, R. C.S., as amended, 1925, and thereafter our courts inclined to the view that said Sub. 23 prescribed the venue for suits against both foreign and domestic corporations notwithstanding the following legislation:

"An Act prescribing and fixing the venue of suits against foreign corporations, joint stock companies or associations, or acting corporations or associations, doing business within this State, and to provide the mode of serving process on such corporations or associations.

"Sec. 1. Be it enacted by the Legislature of the State of Texas: That foreign, private or public corporations, joint stock companies or associations, or acting corporations or associations not incorporated by the laws of this State, and doing business within this State, may be sued in any court within this State having jurisdiction over the subject matter in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representation in the county in which the principal office of such company may be situated, or when the defendant corporation has no agent or representative in the State, then in the county where the plaintiffs or either of them reside." Acts of 19th Leg., 1885 (G. L. Vol. 9, p. 699).

This Act without any pertinent modification is presently Sub. 27 as set out in the footnote.[2]

So prior to 1943, it could be said that our venue laws did not discriminate between foreign and domestic corporations. In view, however, of the 1885 enactment

1. Sub. 23. * * * "Suits against a private corporation, * * * may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, * * * has an agency or representative in such county; or, if the corporation * * * had no agency or representative in the county in which the plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation

* * * then had an agency or representative. * * * "

2. Sub. 27. "* * * Foreign corporations, private or public * * * not incorporated by the laws of this State, and doing business within the State, may be sued in any county where the cause of action or part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such county may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside."

**366**

just quoted it is certain that the Legislature intended to and did place foreign corporations in a venue category separate and distinct from domestic corporations.

Subsequent to and notwithstanding this legislation, however, our Supreme Court has adopted four Commission of Appeals opinions which either state, in substance, or appear to, that the provisions of Sub. 23 continued to apply to foreign corporations. Pittsburg Water Heater Co. of Texas v. Sullivan, 1926, 115 Tex. 417, 282 S.W. 576; Grayburg Oil Co. v. Powell, 1929, 118 Tex. 354, 15 S.W.2d 542; Texas-Louisiana Power Co. v. Wells, 1932, 121 Tex. 397, 48 S.W.2d 978; Lakeside Irr. Co. v. Markham Irr. Co., 1926, 116 Tex. 65, 285. S.W. 593. However, a careful study of these authorities disclose such statements to have been unnecessary to the decisions reached. Therefore, we are familiar with no authority holding that our present Sub. 23 or any of its predecessor acts apply to foreign corporations since the enactment of the aforesaid act of 1885 relating to venue for actions against foreign corporations.

■ We are not unmindful that the doctrine of stare decisis is peculiarly applicable in matters of statutory construction. "The Courts will generally adhere to a construction that has been followed by a long line of decisions or that has stood for a long period of time, on the theory that if the holding had not been in accord with the legislative intent the meaning of the statute would have been clarified by amendment, or a different rule would have been enacted. When a statute has been construed, especially by a court of final resort, the fact that the Legislature permits it to stand through one or more subsequent sessions, without amendment, may be regarded as legislative sanction of such construction. And of course the rule will apply even more forcibly where the statute is re-enacted or incorporated in a revision without substantial change." 39 Tex.Jur. 174, sec. 92. Yet when it is recognized that

the statements alluded to in the above styled Commission of Appeals decisions relative to Sub. 23 are purely obiter dicta, such statements are not within the rule of stare decisis.

■ In the light of the foregoing, we are unable to agree that the 1943 amendment to Sub. 23, taken in conjunction with Arts. 8.02 and 1532, supra, had the effect of amending or repealing Sub. 27 by implication, by necessity, or otherwise. The legislature had the right to classify foreign corporations separately from domestic ones and accord each different treatment. There is nothing here to indicate that it did not intend its acts of which we speak. Although we see no reasonable basis for the discrimination existing, we are not, for such reasons alone, authorized to declare a statute of this state amended or repealed. We do not consider Arts. 8.02 and 1532 pertinent, as it has been held, and we think correctly so, that articles of such nature only intend to place a foreign corporation, upon procuring a permit to do business in this state, upon the same footing as domestic corporations in the transaction of business. Coca Cola Co. v. Allison, 1908, 52 Tex.Civ.App. 54, 113 S.W. 308, n. w. h. We accordingly overrule appellant's third point.

We are of the opinion, however, that by reason of the conflicts existing between the two subdivisions, foreign corporations in Texas, of Fireman's Fund's status, are deprived of their constitutional rights to equal laws, equally administered.

We first note some of the inequalities in the administration of the two venue exceptions even where the terms are similar. As was held in Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, and Rogers v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 185 S.W.2d 165, for a plaintiff to maintain venue against a defendant domestic corporation outside of the county where its principal office is located under Exception 23, he must prove a cause of action by the preponderance of the

evidence on the venue hearing. It is not sufficient under that exception to make mere prima facie proof of a cause of action. But under the part of Exception 27 here referred to, he would not need to make any proof whatever of any cause of action at the venue hearing. Southwestern Greyhound Lines v. Day, Tex.Civ.App., 238 S.W.2d 258. A foreign corporation may be sued in any county where it has an agency or representative, without reference to the plaintiff's county of residence, and without reference to whether the suit is substantial enough that a cause of action could actually be proved up on the venue hearing.

Since about 1910 the courts began to react unfavorably to treatment afforded by the states to domestic corporations and denied to foreign corporations. Southern R. Co. v. Greene, 216 U.S. 400, 30 S.Ct. 287, 54 L.Ed. 536; Hanover Fire Ins. Co. v. Harding, 272 U.S. 494, 47 S.Ct. 179, 71 L.Ed. 372. There are of course many authorities recognizing the distinction in this respect, between individuals and corporations generally. Bain Peanut Co. of Texas v. Pinson, 282 U.S. 499, 51 S.Ct. 228, 75 L.Ed. 482; Grayburg Oil Co. v. Powell, Tex.Com.App., 118 Tex. 354, 15 S.W.2d 542. The Saunders decision, Power Mfg. Co. v. Saunders, 1927, 274 U.S. 490, 47 S.Ct. 678, 679, 71 L.Ed. 1165, appears to be a culmination of a series of cases since the Greene case extending the equal protection clause to foreign corporations and we believe it to be decisive of the constitutional question before us. There the defendant, an Ohio corporation, was doing business under a permit in Arkansas. Its place of business was in Arkansas County. It did no business and had no office, officer or agent elsewhere in the state. The plaintiff, injured while an employee of the corporation in Arkansas County, brought suit against, and recovered judgment of, the corporation in Saline County. The Arkansas statutes required actions of this character, if against a domestic corporation, to be brought in a county where the corporation had a place of business, or in which its chief officer resided, and, if against a natural person, in a county where he resides or may be found; but they broadly permitted such actions against a foreign corporation to be brought in any county in the state. The state Supreme Court affirmed and on writ of error the United States Supreme Court (Justice Holmes dissenting) held the statute to be unconstitutional as a denial of the equal protection of the law in this language:

"We think it very plain that the statutes discriminate against foreign corporations, and in favor of domestic corporations and individuals, and that the discrimination is not theoretical merely, but real and substantial * * *. It [14th Amendment] does not prevent a state from adjusting its legislation to differences in situations or forbid classification in that connection, but it does require that the classification be not arbitrary, but based on a real and substantial difference, having a reasonable relation to the subject of the particular legislation."

"No doubt there are subjects as to which corporations admissibly may be classified separately from individuals and accorded different treatment, and also subjects as to which foreign corporations may be classified separately from both individuals and domestic corporations and dealt with differently. But there are other subjects as to which such a course is not admissible; the distinguishing principle being that classification must rest on differences pertinent to the subject in respect of which the classification is made."

■ Obviously, the discrimination occasioned by the 1943 amendment to Sub. 23 of our statute is not as great as that occasioned by the Arkansas statute. This, however, is not the criterion. The fact that a violation of the constitution is not

a great one is no reason for permitting it. A mere opinion as to the degree of wrong which would arise if the constitution were violated does not afford a measure of the duty of enforcing its provisions. Am.Jur. Vol. 11, p. 716, Sec. 88; Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L. Ed. 854, 70 A.L.R. 263; Looney v. Crane Co., 245 U.S. 178, 38 S.Ct. 85, 62 L.Ed. 230.

The appellees say that if there ever were any teeth in the Saunders case, then the Brownell case (1935) removed them. Metropolitan Casualty Ins. Co. of New York v. Brownell, 294 U.S. 580, 55 S.Ct. 538, 79 L.Ed. 1070. This case involved an action by Brownell, as receiver for an Indiana bank, upon an indemnity bond executed by Metropolitan, a New York corporation. The action was commenced almost three years after presentation of the claim. The contract provided that no proceeding could be brought after the expiration of 15 months from date of presentation of the claim. The Supreme Court upheld the validity of the Indiana statute voiding such limitation clauses in policies issued by foreign insurance companies doing business in Indiana, which provided for a period shorter than three years for commencing action thereon. See same case below, 7 Cir., 68 F.2d 481. In regard to the fact that there was no similar legislation applicable to domestic companies carrying on the same class of business, but to the contrary, they were free to insert reasonable stipulations in their policies for a short period of limitation, the majority of the court held (four justices dissenting on the basis that the Saunders and other cases required reversal) the statute not to violate the equal protection clause. Acknowledging the rule in the Saunders case the court stated that the ultimate test of validity is not the difference between the corporations, but whether such differences are pertinent to the subject with respect to which the classification is made. If those differences have any rational relationship to the legislative command, the discrimination is not forbidden. The court,

apparently distinguishing the Saunders case, pointed to the presumption obtaining in favor of the validity of statutes generally, and to the failure of the petitioner particularly, to rebut such presumptions in conformity with the rule in the Saunders case. Of its own volition, the court next pointed to a legislative scheme in Indiana applicable to domestic casualty corporations differing radically from that dealing more favorably with foreign corporations, as a basis for the reasonableness and validity of the statutes.

■ We accord full recognition to the general rule that he who assails the constitutionality of a statute as being discriminatory normally has the burden of proving its arbitrary nature and effect. See Am.Jur. Vol. 11, p. 776, sec. 128, citing Brownell and a host of other cases. In view of the holding in the Saunders case, however, we believe that to point to the discrimination effected by Sub. 27 of our statute in the circumstances, is to prove it unreasonable and arbitrary as a matter of law. To wink the discrimination off as reasonable on the basis of the very dissimilar facts in the Brownell case is to disregard entirely the fundamental right to be sued in the county of one's domicile absent clear and valid exceptions to the contrary.

The McDaniels contend that by securing a permit to transact business in Texas Fireman's Fund assented to be bound by our laws under which they were to operate. They say:

"The policy in question was issued in 1954. The applicable laws, of course, became a part of the contract and the contract itself provided that: '22. Conformity to Statute. Terms of this policy which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes.' The parties' contract did not provide that it was conformed to comply with such statutes as might be held to be constitutional on some future appeal, but

to the statutes of our state, valid or not."

This contention has also been disposed of unfavorably to the appellees in the Saunders case [274 U.S. 490, 47 S.Ct. 680] thusly:

"The contention advanced by counsel for the plaintiff that the defendant impliedly assented to the venue provisions is answered and refuted by repeated decisions holding that a foreign corporation by seeking and obtaining permission to do business in a state does not thereby become obligated to comply with, or estopped from objecting to, any provision in the state's statutes which is in conflict with the Constitution of the United States."

"It of course rests with the state to prescribe the venue of actions brought in her courts. But the exercise of this power, as of all others, must be in keeping with the limitations which the Constitution of the United States places on state action. Procedural statutes are not excepted, but must fall like others when in conflict with those limitations."

We have carefully studied all state and federal rules and decisions submitted by the McDaniels in support of their contentions, including the recent case of Watson v. Employers Liability Assurance Corp., 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74. We are not moved by reason thereof to alter our foregoing conclusions.

We accordingly hold Sub. 27 of Art. 1995, Vernon's Ann.Civil Statutes of Texas, as amended, to be unconstitutional under the 14th Amendment to the United States Constitution as it relates to the venue of suits against foreign corporations of Fireman's Fund's status to the extent that it conflicts with the provisions of Sub. 23 of Art. 1995, as amended, by Acts 1943, 48 Leg.

In an effort to clarify some of the various contentions relative to the Rose v. Mc-Daniel et al. controversy hereinafter discussed, it is necessary that we set forth some of its peculiar background and history.

In 1949 D. L. Rose and R. D. McDaniel entered into a written agreement in Albany, Shackelford County, Texas, for a joint enterprise in the oil well drilling business which was to later culminate into a partnership. The substance of the agreement was that Rose was to furnish the necessary money and equipment to get started on; that each of the parties was to be allowed to withdraw a certain amount of funds from the enterprise monthly to live on; that the balance of the profits would be used to repay Rose for his original investment; that as soon as Rose had been repaid for his original investment, a partnership was to culminate wherein R. D. McDaniel would own 25% of the assets of the business and D. L. Rose would own 75% of the assets of the business. On April 30, 1956, a dispute arose between Rose and R. D. McDaniel and each began to accuse the other of taking large amounts of money fraudulently, and suit was filed in Albany by Rose for cancellation of the contract, damages, etc., he alleging a partnership had never culminated. R. D. McDaniel defended this suit and filed a cross-action against Rose for an accounting, damages, etc., and said suit was pending in Albany, Texas, at the time of the death of said R. D. McDaniel on December 13, 1956. Thereafter, the McDaniel heirs were substituted into the Albany suit in the place of R. D. McDaniel. While suit was pending, and on March 1, 1957, one of the alleged partnership's drilling rigs was destroyed by fire following an alleged blowout of some kind. Later the McDaniel heirs amended their pleadings in the Albany suit and made Fireman's Fund Insurance Company a party to said suit since it was alleged to be the insurer of said property. Said amended petition was filed in the Albany suit on March 21, 1957 and the citation was served on Fireman's Fund on the 25th day of March, 1957. The Albany suit went to trial on April 1, 1957, before

a jury, but on March 29, 1957, Rose had filed a motion to strike the suit against Fireman's Fund on grounds that said company was only made a party for the purpose of delay and was not a necessary or proper party. By order rendered April 1, 1957, but entered on April 5, 1957, the District Court at Albany dismissed the company from the suit, on the grounds just mentioned, without prejudice. On April 5, 1957, the jury in the Albany suit returned a verdict favorable to the McDaniel heirs, material answers in which were later disregarded by the trial court which then entered judgment non obstante veredicto for Rose. This judgment was signed by the trial court in the Albany suit on June 25, 1957, one month and twenty days after the jury verdict was returned and approximately six weeks after the institution of the Shelby County suit. Appeal was perfected by the McDaniel heirs and the opinion of the Eastland Court of Civil Appeals reversing the judgment of the trial court and remanding the case for a new trial is referred to for further particulars. McDaniel v. Rose, 315 S.W.2d 368.

After their suit against Fireman's Fund was dismissed without prejudice at Albany, the McDaniel heirs filed the present suit against Fireman's Fund and its agent, Wayne Durham, in the District Court of Shelby County, Texas, as above noted.

The trial court in Shelby County entered its order overruling Rose's plea of privilege July 15, 1957. The basis for the Court's action is exemplified by appellant Rose's following points of error:

"(1) The trial court erred in finding that Mabel McDaniel, Dean McDaniel, Evelyn Stevens and B. R. Stevens were partners of D. L. Rose, and that the insurance claim was a partnership asset, because there was no evidence (or in the alternative, insufficient evidence) to support either of such findings.

"(2) The trial court erred in holding that venue was maintainable against Rose in Shelby County under Exception 29a in conjunction with Exception 27, of Art. 1995, for each of the following reasons:

"(a) Exception 27, under which the trial court held that venue was maintainable in Shelby County as against Fireman's Fund Insurance Company, is either unconstitutional and void, or it has been repealed, insofar as here applicable;

"(b) The proceedings in the Albany suit, instead of showing estoppel against Rose as to venue, established that the District Court of Shackelford County had acquired prior exclusive jurisdiction over the controversy between Rose and the McDaniel heirs, and since appellants' only purpose in suing Rose in the Center suit is to force him to re-litigate the same controversy, on which the District Court of Shelby County would be powerless to act, Rose cannot be held a necessary party to the Center suit within the meaning of Exception 29a;

"(c) There was not sufficient evidence independent of the pleadings to show that Rose was a 'necessary party' to the McDaniels heirs' suit against Fireman's Fund within the meaning of Exception 29a;

"(d) Exception 29a is not available to Fireman's Fund as against Rose because Fireman's Fund did not sue two or more cross-defendants, as required by 29a, but only Rose, and Rose had no cross-defendant as to such action; and further because even had Fireman's Fund sued the McDaniel heirs as well as Rose, it neither pleaded nor proved any other exception to Art. 1995 by which it could lawfully maintain venue against any of the McDaniel heirs in Shelby County, as required by 29a.

"(3) The trial court erred in holding that venue was maintainable in Shelby County as against Rose under Exception 4 of Art. 1995.

"(4) The trial court erred in sustaining Fireman's Fund Insurance Company's plea of waiver and estoppel.

"(5) No other exception to Rose's plea of privilege to be sued in the county of his residence was shown."

The McDaniel appellees and Fireman's Fund deny the correctness of these points of error and additionally they contend that Rose did not file a plea of privilege to the McDaniels' cross action against him, but only filed such plea in regard to Fireman's Fund's attempt to implead him in the cause; that should such plea be considered filed as opposed to the McDaniels' cause of action, he nevertheless invoked the jurisdiction of the court by filing a reply to the McDaniels' motion to produce under Rule 167, Texas Rules of Civil Procedure and that he thereafter filed an unrestricted answer to the McDaniels' cross action, thereby waiving his plea of privilege.

We have heretofore held Sub. 27 of Art. 1995, Vernon's Ann.Civ.Stats., to be invalid to the extent that it conflicts with the provisions of Sub. 23 of said article relating to private corporations. Should our conclusions in that respect be correct, further expression by us would be unnecessary in regard to Rose's material points of error. Decidedly, venue could not be sustained against him in Shelby County under Exception 29a. We would yet be concerned however with the counterpoints regarding waiver and estoppel.

 Without regard to the correctness of our conclusions as to the validity of Sub. 27, Exception 29a is not available to Fireman's Fund as against Rose where such company, as here, has not sued two or more non-resident defendants and pleaded and proved a prima facie cause of action against one of such defendants and its right to maintain such action against such defendant under one or more of the exceptions to our venue statutes. Nor simply by virtue of Rule 43, T.R.C.P., under which

Fireman's Fund impleaded Rose, may venue in Shelby County be sustained against him. This rule provides, in substance, that persons having claims against a plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. A defendant exposed to similar liability may obtain such interpleader by way of cross claim or counter claim. This rule is qualified by Rule 816, T.R.C.P., which expressly provides that our rules of civil procedure shall not be construed to extend or limit the jurisdiction of the courts of the State of Texas nor the venue of actions therein. See United States Steel Corp. v. Strong Drilling Co., Tex.Civ.App., 272 S.W.2d 791.

With reference to the contentions that Rose's plea of privilege did not reach the McDaniels' cause of action against him or that he waived such plea by his answer to motion to produce and to the merits, it has been hereinabove noted that Rose was first brought into the suit by Fireman's Fund's original answer to the McDaniels' claims against it, in part of which answer the court was requested to make Rose a party to the suit, which request was granted by virtue of Rule 43, supra. It is interesting to note that this answer by Fireman's Fund was not of the nature nor the position of an innocent stakeholder tendering property into the court in order that the court might declare which of two or more rival claimants might be entitled to it. To the contrary, along with a plea in abatement, it denied generally and specifically the contentions of both claimants. It also contained allegations of confession and avoidance and for various reasons prayed that the policy of insurance be declared null and void. It was to this answer that Rose filed his plea of privilege to be sued in Shackelford County. Rose filed only the one plea of privilege. After this plea was controverted by each of the other party litigants and he had become a party defendant to the McDaniels' cause of action he also filed. subject to his plea of privilege, an answer

to the McDaniels' motion to produce. After the court had announced that it was going to overrule his plea of privilege, but before the order doing so was signed and entered, he then filed, subject to his plea of privilege, his answer to the McDaniels' claims of partnership, etc., consisting of plea in abatement by reason of a prior suit pending between the same parties in Shackelford County, a plea of res adjudicata, other pleas in bar, general denial, and denial of partnership. Subject to the plea of privilege, this answer also contained a cross action against Fireman's Fund for the loss of the rig under the policy of insurance. The order overruling Rose's plea of privilege was thereafter signed by the court. It should be remembered that Fireman's Fund is one of the appellees in the appeal under discussion, Cause No. 6167, D. L. Rose v. Mabel McDaniel, et al.

We think the question as to whether Rose waived his plea to the McDaniels' cause of action against him is immaterial, for as to such cause of action, as heretofore stated, Rose filed no plea of of privilege at all. The plea of privilege which he did file was only to Fireman's Fund's attempt to interplead him as a rival claimant to the McDaniels in the McDaniels' original suit against Fireman's Fund. In the circumstances we do not have before us the question of whether Rose waived any plea of privilege to the McDaniels' cause of action alleged against him, rather we have before us the obvious fact that Rose filed no plea of privilege whatsoever to such cause of action. Rose's contentions that his plea reached the McDaniels' independent and severable cause of action against him cannot be sustained.

In regard to the contention that Rose was estopped to deny venue in Shelby County as to him, we quote in full for clarity the 4th counterpoint of Fireman's Fund. These contentions were made a part of Fireman's Fund's affidavit controverting Rose's plea of privilege.

"(4) Rose having successfully urged in the court at Albany that Fireman's Fund Insurance Company is neither a necessary nor a proper party to the so-called Albany suit pending between him and the McDaniel heirs in Shackelford County, Texas, in which the McDaniel heirs sought the same relief against Fireman's Fund Insurance Company that they are now seeking in the court in Shelby County, Texas, and Rose having obtained the insurance company's dismissal from the jurisdiction of the Shackelford County district court, is now estopped from urging that the matters in litigation in the Shelby County suit are relitigation of matters already pending before the district court of Shackelford County, Texas and that the Shackelford County district court is the only court that has jurisdiction of the parties and that the entire controversy between Fireman's Fund Insurance Company and the McDaniel heirs and Rose should be transferred there on Rose's plea of privilege."

In effect the McDaniels themselves adopt the foregoing counterpoint of Fireman's Fund and they say additionally:

"The drilling rig destroyed by fire which gave rise to the cause of action against the insurance company was destroyed by said fire on March 1, 1957. As soon as the McDaniel heirs were able to find out who carried the insurance (without benefit of any assistance from Rose's office), they made Fireman's Fund a party to the suit at Albany, seeking to try the whole controversy in one case. Upon motion by Rose, the court struck same. The court struck said pleading by order rendered April 1, 1957, but entered April 5, 1957. Thereafter, the McDaniel heirs, on April 9, 1957, instituted this suit in the District Court of Shelby County against Fireman's Fund Insurance Company. The strik-

ing of their pleadings in the Albany suit resulted in considerable delay and expense for the McDaniel heirs in getting Fireman's Fund served and back into court in East Texas. This delay benefited appellant and he should not now be allowed to interfere in East Texas with the McDaniel heirs' suit against Fireman's Fund. He has reaped the benefit of his position taken in West Texas and should not be allowed to change his position to the prejudice of the McDaniel heirs."

Actually, as shown by the instruments introduced in connection with this plea, the McDaniel heirs never effectively made Fireman's Fund a party to the Albany suit in the first place. Without leave of the court they included in their cross action petition, as substituted parties, an interpleader of Fireman's Fund as a party defendant, and they did this only ten days before trial. Still without asking leave of the court they had the clerk issue citation to Fireman's Fund and had it served on Fireman's Fund only six days before trial, so that its return day would have been long after trial.

Upon motion by Rose the court at Albany struck from the pleading such attempt to implead Fireman's Fund and ordered all parts of such pleading relating to Fireman's Fund Insurance Company stricken, without prejudice. And it did this with the express purpose, as stated both in the motion and in the order, to prevent delay in the trial of the case. Such action would appear proper in the circumstances and has nothing to do with the question of venue in Shelby County.

Rule 37 provides:

"Before a case is called for trial, additional parties, necessary or proper parties to the suit, may be brought in, either by the plaintiff or defendant, upon such terms as the court may prescribe; but not at a time nor in a manner to unreasonably delay the trial of the case."

■ A court has great discretion as to whether or not to permit joinder of additional parties, and its decision in such matters is generally based on practical considerations with a view to fair, orderly and timely prosecution and disposal of pending litigation.

The contention that Rose prevented Fireman's Fund from abating the Shelby County suit is incorrect. There does not have to be an identity of parties or of subject matter to abate for prior action pending. Tide Water Oil Co. v. Railroad Commission, Tex.Civ.App. Austin, 1934, 76 S.W.2d 553 (error refused); Eastland County v. Davisson, Tex.Com.App.1929, 13 S.W.2d 673; Haney v. Temple Trust Co., Tex.Civ. App. Austin, 1932, 55 S.W.2d 891; North Texas Coach Co. v. Morten, Tex.Civ.App. Austin, 1935, 92 S.W.2d 263; Benson v. Fulmore, Tex.Com.App.1925, 269 S.W. 71; Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813.

■ The rule and exception is aptly set forth in the Tide Water case as follows (76 S.W.2d 553, at page 554)

"The general rule that in order for one suit properly brought in a court of competent jurisdiction to abate a subsequent suit, there must be a substantial identity of parties, subject-matter, and jurisdiction is now settled. 1 Tex. Jur. §§ 76, 77, and 78, p. 106, et seq., and cases there cited. But it is likewise true that where the rights of the parties to the second suit who were not parties to the first suit are but secondary to and dependent upon the rights of the parties to the first suit, the fact that there are parties to the second suit who are not necessary parties to the first will not prevent the first suit from abating the second. Eastland County v. Davisson, Tex.Com.App., 13 S.W.2d 673."

■ As above indicated, the court also found that venue lay against Fireman's Fund in Shelby County under Sub. 4,

Art. 1995, Vernon's Ann.Civ.Stats., and that by reason thereof venue of the McDaniels' cause of action against Rose in such County was therefore proper. That part of Sub. 4 relied upon to sustain such finding reads: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." The trial court apparently was of the opinion that because of the fact that Fireman's Fund had representatives and an established agency in Shelby County that it necessarily followed that such company was also a resident of such county within the meaning of Sub. 4. The law is well established to the contrary. Merchants Fast Motor Lines v. Levens, Tex.Civ.App., 161 S.W.2d 853; Reynolds-Kimberlin Oil Co. v. Perry, Tex.Civ.App., 80 S.W.2d 787. Somewhat in this connection, the McDaniels call our attention to the recent Supreme Court decision of James v. Drye, Tex., 320 S.W.2d 319. They say such case supports their contention that venue is proper in Shelby County against Rose under the rules intended to avoid a multiplicity of suits, since the cause of action against him is intimately connected with the cause of action against Fireman's Fund. We do not so construe this case. The distinguishing facts to be noted are that in such case two of several defendants actually resided in the county of suit, and it was therefore held proper under Sub. 4 to join the cause of action against the several out of county defendants with those resident there, the cause of action against them all being intimately connected. The fact that it would be more convenient to try all of these cases in one suit and that such would prevent a multiplicity of suits does not control the fact that if venue is sustained as to Rose in Shelby County as to the McDaniels' case against him it must be sustained under some exception to Art. 1995, unless we are mistaken in our belief that Rose's plea of privilege did not reach such cause of action. United States Steel Corp. v. Strong Drilling Co., supra. This has not been done.

With reference to the McDaniels' claims against Fireman's Fund's agent, Wayne Durham, the only basis relied upon for venue in Shelby County is that venue properly lay in such county against Fireman's Fund under Sub. 27, and that Durham is a necessary party to the suit so that venue lies against him under Sub. 29a, the substance of which is that whenever there are two or more defendants in any suit brought in a county and such suit is maintainable therein as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

We have heretofore stated our views as to the validity of Sub. 27 and, should such statements be correct, venue could not be sustained against Durham in Shelby County in the circumstances. Should we be incorrect in regard to the validity of Sub. 27, the McDaniels have nevertheless failed to plead and prove a cause of action against Durham as would sustain venue as to him in Shelby County.

"Before Exception 29a can apply, four conditions must exist: the action must be against two or more defendants; all of them must reside outside the county of suit; venue must be proper as against at least one of the defendants under some exception to the general venue rule; and the defendant urging his privilege must be a necessary party to the claim against the defendant as to whom venue is proper." McDonald's Tex.Civ.Prac., Vol. 1, sec. 4.36, pgs. 412–413, and cases there cited.

The McDaniels' allegations of Fireman's Fund's liability and Durham's are in the alternative. After alleging that Fireman's Fund is liable to them on the policy as hereinabove noted, the McDaniels then alleged that Durham acted as an insurance broker for the hereinafter mentioned partnership and was responsible for keeping the partnership property insured. "Said property was insured with defendant, Fireman's Fund Insurance Company. Said defend-

ant, Wayne Durham, is responsible for anything that would defeat plaintiffs' recovery as against the defendant, Fireman's Fund Insurance Company, and is responsible for the hereinafter mentioned policy being issued in the name of one of the parties to the partnership only; that defendant, Wayne Durham, was the direct cause of the conditions of said insurance and the proximate cause of all of the plaintiffs' trouble and confusion."

Thus it is clear that there is no way, under the facts pleaded, that Fireman's Fund and Durham could be jointly liable to the McDaniels, or jointly and severally liable. The allegations are that at most Fireman's Fund might be liable to the exclusion of Durham, or Durham liable in the event the Fireman's Fund is not. There is thus alleged only alternate causes of action which are mutually exclusive.

The McDaniels' case fails in the proof as well. Along with their pleadings the only evidence introduced by them was written requests for admissions and the answers thereto, the substance of which is merely that Fireman's Fund is a foreign corporation doing business in Texas, and having agents in Shelby County; that Wayne Durham was an agent of Fireman's Fund, though not in Shelby County; that the policy of insurance issued in Fireman's Fund to D. L. Rose was procured through Durham, certain terms of the policy, and that the loss was promptly reported. These admissions do not constitute proof of a joint cause of action, nor proof that Durham is a necessary party to the suit against Fireman's Fund. The McDaniels could have obtained the complete relief to which they were entitled under the policy of insurance against Fireman's Fund without the joinder of Durham.

Here, for the first time, the McDaniels attack the sufficiency of the plea of privilege as failing to state the county of Durham's residence at the time of: (1) the institution of suit, (2) the service of process thereon. They refer to two different form books which contain the omitted allegations in suggested forms for such pleas. They submit no other relevant authorities to support their contentions.

 The plea of privilege tracked the requirement of Rule 86, T.R.C.P. It did allege that Durham was not a resident of Shelby County on the occasions above mentioned. It did allege him to be a resident of Taylor County "at the time of such plea, including the filing of the same," and with all respects to the appellees' authorities to the contrary we hold the allegations to be sufficient. Moreover, the McDaniels failed to call such omissions to the attention of the trial court by special exceptions or otherwise, and are therefore held to have waived the error, if such it was.

In regard to the matter of what phases of the litigation should be transferred to which counties, in compliance with Rule 89, T.R.C.P., it is the contention of Fireman's Fund, referring to Goodrich v. Superior Oil Co., 151 Tex. 46, 245 S.W.2d 958, 960 and cases cited, that this suit in its entirety, including its interpleader action engaging Rose, should be transferred to Dallas County in accordance with the following holding in the Goodrich case:

"As was said in Hall v. Castleberry, supra [Tex.Civ.App., 283 S.W. 581]: 'If a defendant answers either before or after a trial of the contest on his plea of privilege, and the venue should be changed by the trial court, *or as the result of an appeal,* in either event *the entire case,* as was said by Judge Brown in Hickman v. Swain, supra [106 Tex. 431, 167 S.W. 209], as to parties, subject-matter, and *pleas over,* will be transferred to the court of proper jurisdiction. The transfer of the case, however, will not deprive any party of a legal right; *the case will stand as though originally filed in the court to which it is transferred.* Any person affected by any matter pleaded

in a cross-action may, in answering same, avail himself of any plea or defense permitted by law.'"

It is Rose's contention that the whole suit should be transferred to Shackelford County. We do not completely agree with either contention.

■ Fireman's Fund's interpleader was an independent action against Rose to which Rose properly filed his plea of privilege. An interpleader action is subject to the same rules of venue that other actions are, and we are not now concerned with the question of necessary or indispensable parties. Duval County Ranch Co. v. Texas Company, Tex.Civ.App., 301 S.W.2d 247. As to the McDaniels' claims against Fireman's Fund Insurance Co., we have only been concerned with whether venue was proper in Shelby County. As to Fireman's Fund's action by way of interpleader against Rose, we have also only been concerned with whether venue was proper in Shelby County. Fireman's Fund contends that this latter question should not be passed on by this court, but should be reserved for determination by the proper courts of Dallas County. However, we believe it our duty to determine the question.

■ With reference to the McDaniels' cause of action against Rose for breach of partnership agreement, for an accounting and for damages, it is apparent that such is severable from the McDaniels' claim against Fireman's Fund and by reason of Rose's failure to assert his privilege to be sued thereon in the county of his residence such cause of action should be severed from McDaniels' claims against Fireman's Fund and retained in Shelby County.

Kelley v. Central Texas Bus Lines, Tex. Civ.App., 252 S.W.2d 62 and cases cited.

By reason of our foregoing conclusions, the orders of the trial court overruling the pleas of privilege of the defendants, Fireman's Fund Insurance Company and Wayne Durham, in Cause No. 16,230 on the docket of such court, are reversed and judgment is here rendered sustaining each of such pleas. That part of the court's order in the same numbered cause overruling Rose's plea of privilege to the McDaniels' cause of action against him is affirmed. That portion of the order overruling Rose's plea of privilege to the interpleader action of Fireman's Fund is reversed and judgment is here rendered that such action be transferred to the district court of Shackelford County.

On Rehearing

ANDERSON, Chief Justice.

■ Appellees and all of the appellants except Fireman's Fund Insurance Company and Wayne Durham have seasonably filed motions for rehearing. Pending hearing of the motions, however, they have filed herein their joint motion, in which all parties to the suit have joined, requesting leave to withdraw their said motions for rehearing and that the mandate in the consolidated causes issue immediately. They represent that a settlement of the cases by agreement is pending and that issuance of the mandate will aid it. The motions to withdraw the motions for rehearing are accordingly granted, the motions for rehearing are dismissed, and it is ordered that the mandate issue immediately.