## COCA COLA COMPANY v. E. M. ALLISON ET AL.

Decided October 24, 1908.

1.—Foreign Corporation—Venue—Statute Construed.

Article 745, Revised Statutes, providing in substance that a foreign corporation upon obtaining a permit to do business in this State shall have and enjoy all the rights and privileges of domestic corporations, was not intended to regulate the venue of suits against foreign corporations. The venue in such cases is fixed by subdivision 25, article 1194, of the Revised Statutes. Chief Justice Rainey dissenting.

2.—Justice Court Judgment—Injunction by District Court—Jurisdiction.

When a judgment of a Justice Court is void, or when the defendant in such court is entitled to be sued in another county and asserts his privilege by proper plea. and. supports the same by undisputed evidence, and the Justice arbitrarily overrules the plea and renders judgment against him for the amount in controversy, the same being less than $20, the District Court has jurisdiction to enjoin the levy of an execution issued upon such judgment.

3.—Injunction—Pleading.

It is not sufficient to allege in a petition for injunction to prevent the levy of an execution issued from· a Justice Court, on the ground that the Justice arbitrarily overruled defendant's plea of privilege, that defendant proved the truth of his plea.; the evidence for and against the plea, if any, should be set out. If the evidence was conflicting and the Justice simply committed an error of law in passing on the. same, then the judgment could not be enjoined.

4.—Same—Same.

In a suit to enjoin a judgment in a Justice Court it should be alleged that the petitioner had a valid defense to the cause of action sued on, and should set out the facts showing such defense.

Appeal from the District Court of Dallas County. Tried. below before Hon. Richard Morgan.

*H. I. Philips* and *W. D. Simpson,* for appellant.

No brief for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Dallas County to enjoin the threatened levy of an execution in favor ·of C. B. Gunn against the Coca Cola Company, issued out of the Justice Court of precinct No. 1 of Wise County, Texas, on a judgment rendered therein in favor of said Gunn against the Coca Cola Company and the J. W. Crowdus Drug Company. for $8.25. A trial was had before the court, and judgment rendered dissolving the injunction as to the Coca Cola Company, but perpetuating the same as to the J. W. Crowdus Drug Company. The Coca Cola Company alone prosecutes an appeal.

*Opinion.*—It appears from the petition that C. B. Gunn, a citizen of Wise County, Texas, brought suit in Justice Court of precinct No. 1 of Wise County against the Coca Cola Company, a corporation incorporated under and. by virtue of the laws of the State of Georgia, on an account

for $8.25. The defendant was cited and appeared, and filed its plea in abatement, alleging in substance that it is a corporation duly incorporated under the laws of the State of Georgia; that it has now, and had, prior to the filing of the suit, a permit to do business in the State of Texas, and that it has its principal office and place of business in the county of Dallas. The plea alleged that said defendant has never been a resident of Wise County, or in precinct No. 1 thereof, nor did it reside in or have its place of business or office, or have an agent or representative, in Wise County, Texas, or in justice precinct No. 1 of said Wise County, either at the time of filing of said suit, or before or since, nor has it ever resided, or had its place of business, or its general office, or any office, or ever had an agent or representative in said precinct No. 1 of Wise County or in Wise County, Texas. The plea negatived the existence of other grounds which might authorize the bringing of the suit in Justice Court of precinct No. 1 of Wise County. The plaintiff alleges that the justice of the peace overruled its plea in abatement and proceeded to render judgment against it for the amount sued for. The petition does not show upon whom the citation issued by the justice of the peace was served, nor does it show that it was not served upon some one upon whom the statute authorized service.

The contention of the appellant, as we understand it, is that a corporation incorporated under the laws of another State, upon securing a permit to do business in this State, is entitled to all the privileges and immunities of a domestic corporation, including the right to be sued in the county of its domicile, and that its domicile is the place of the location of its principal office. Article 745 of the Revised Statutes provides, in substance, that a corporation for pecuniary profit organized under the laws of another State, desiring to transact business in this State, shall procure a permit from the Secretary of State to do so, and on obtaining such permit it shall have and enjoy all the rights and privileges conferred by the laws of this State on corporations organized under the laws of this State. This statute was not intended to fix the domicile of a foreign corporation in this State. It only intends to place a foreign corporation, upon procuring a permit to do business in this State, upon the same footing as domestic corporations in the transaction of its business. The venue of suits against foreign corporations is fixed by subdivision 25 of article 1194 of the Revised Statutes. The fact that the appellant took out a permit to transact business in this State and established its principal office in Dallas County, did not make it a domestic corporation, or require suit against it to be brought in the Justice's Court of precinct No. 1 of Dallas County. It was a foreign corporation, and it could be sued in any court within this State having jurisdiction over the subject-matter in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated, or, when the defendant corporation has no agent or representative in the State, then in the county where plaintiff resides. Mr. Rainey, Chief Justice, is not prepared to agree with this construction of the statute, but as the issue was raised by the plea in abatement as to whether the appellant had its principal office and place of business in Dallas County, and the evidence on this issue is

not set out in the petition, it will be presumed that the evidence supported the justice's judgment, and that the plea in abatement in this respect was not sustained, but was properly overruled. He therefore agrees to the conclusion reached in the opinion.

The judgment of the justice of the peace being for less than $20, it could not be appealed from. If the judgment was void, then the District Court had power to enjoin it. (Gulf, C. & S. F. Ry. Co. v. Rawlins, 80 Texas, 579.) If the appellant was entitled to have the suit brought in Dallas County, and a proper plea of privilege to be sued in Dallas County was presented and ignored by the justice, or the evidence was all one way in the support of such plea, and the justice arbitrarily overruled the same, then the District Court, upon the matter being properly presented to it, had power to grant an injunction. Jennings v. Shiner, 43 S. W., 276.

The petition alleges that the plea of privilege was presented to the justice and by him overruled. It further alleges that the petitioner presented his plea of privilege in the Justice's Court, " and proved the truth of the contents of the same." It does not set out the evidence tending to sustain the plea and state that there was no other evidence, or negative the fact that plaintiff also introduced evidence tending to disprove the .plea. The allegation that appellant proved the truth of the contents of its plea is at most a conclusion of the pleader. The evidence in support of the plea should have .been set out as well as that, if any, tending to disprove the allegations therein. If there was evidence both ways on the plea, and the justice of the peace in overruling the same simply committed an error of law, then the judgment could not be enjoined.

Again, the petition alleges that appellant filed in the Justice's Court its answer, subject to the ruling on its plea of privilege, which answer showed "a good and valid defense to the petition of said C. B. Gunn." This is the only allegation that we find in the petition that appellant has any defense to the account sued on in the Justice Court. Looking to the answer filed in the Justice Court we find that a general denial is the only answer filed therein, except the plea of privilege. This allegation was insufficient in a suit asking for equitable relief. The petition should have alleged that the appellant had a valid defense to the cause of action sued on in the Justice Court, and set out the facts showing such defense. Foust v. Warren, 72 S. W., 404.

Appellant filed a motion for new trial in the Justice Court on the ground that the judgment was contrary to law, and contrary to, and not supported by, the evidence. This motion was not prosecuted or presented in that court, but overruled by operation of law.

No question was raised by appellant in the trial court as to the power of the District Court of Dallas County to grant this injunction, or to hear and determine the same, and none is raised in this court.

We conclude that the trial court did not err in sustaining a general exception to the petition and in dissolving the injunction and dismissing the cause as to appellant.

The judgment is affirmed.

*Affirmed.*