BAER, STERNBERG & COHEN, Inc., et al. v. SNODGRASS.

No. 3738.

Court of Civil Appeals of Texas. Amarillo.

Sept. 30, 1931.

C. Huggins, of Sherman, for appellants.

H. D. Payne, of Floydada, for appellee.

JACKSON, J.

This is an appeal from a temporary restraining order issued in chambers by the district judge of Floyd county, Tex., on the petition of Glad Snodgrass, restraining the defendants Baer, Sternberg & Cohen, Inc., J. N. Phillips, justice of the peace, precinct No. 1, Grayson county, Tex., and J. M. Wright, sheriff of Floyd county, Tex., from levying an execution upon and selling property of the plaintiff to satisfy a judgment obtained against him in said justice court of Grayson county, Tex., by the defendant Baer, Sternberg & Cohen, Inc.

The petitioner alleges:

That he is a resident of Floyd county, Tex.; that the defendants Baer, Sternberg & Cohen, Inc., and J. N. Phillips are residents of Grayson county, Tex., and that J. M. Wright is a resident of Floyd county, Tex. That J. N. Phillips is a duly qualified and acting justice of the peace in Grayson county, Tex., and J. M. Wright is the duly elected and qualified sheriff of Floyd county, Tex.

That the defendant Baer, Sternberg & Cohen, Inc., filed suit against him in justice court, precinct No. 1, Grayson county, Tex., over which the defendant J. N. Phillips presides, asserting a false, fictitious, and fraudulent claim against the petitioner. That he was served with citation in said suit and filed his plea of privilege in due form, which defeated the jurisdiction of the justice of the peace. That thereafter Baer, Sternberg & Cohen, Inc., the plaintiff in said suit, filed a controverting affidavit to the plea of privilege, which controverting affidavit was false and untrue. That the petitioner's plea of privilege was overruled, and judgment rendered against him for the sum of $14.30 and costs to the amount of $6.20.

That the amount in controversy is less than $20, and petitioner could neither appeal nor sue out a writ of certiorari, and had no way of relieving himself against the judgment in said court by any proceedings known to law. That Baer, Sternberg & Cohen, Inc., did not have a legal or equitable demand against the petitioner, the defendant in the suit in justice court, but that said claim was fraudulent and fictitious and had no existence in fact. That judgment was illegally rendered against him, and without the aid of a court of equity he will be mulcted in said illegal demand.

That the defendant J. N. Phillips, on the 30th day of July, 1931, illegally issued an execution on said judgment to Floyd county and placed it in the hands of the defendant J. M. Wright, sheriff of said county, who is threatening to levy such execution on plaintiff's property, and, unless restrained, will sell some of plaintiff's property and cloud the title thereto. That petitioner tenders the right to the defendant Baer, Sternberg & Cohen, Inc., to try their real cause herein to the end that the petitioner may have justice.

From the temporary restraining order issued on petitioner's application, this appeal is prosecuted.

The only question presented for review is the sufficiency of the allegation of plaintiff's petition to authorize the issuance of a temporary injunction.

It will be noted that the plaintiff alleges in his petition that suit was instituted against him and citation issued and served upon him. He does not allege that the judgment was void, but attacks the jurisdiction of the court because he filed a plea of privilege which he contends defeated the jurisdiction of the court to hear and determine the cause, for the reason that the controverting affidavit filed to his plea of privilege was false and untrue. He does not allege the contents of the controverting affidavit and that no testimony was heard upon the issue made by the plea of privilege and the controverting affidavit, nor, if testimony was heard, the substance of such testimony.

"The rule of pleading, that the statements of a party are to be taken most strongly against himself, is re-enforced in injunction suits by the further requirement that the material and essential elements which entitle him to relief shall be sufficiently certain to negative every reasonable inference arising upon the facts so stated, from which it might be deduced that he might not, under other supposable facts connected with the subject, thus be entitled to relief." Gillis v. Rosenheimer et al., 64 Tex. 243.

This announcement of the law has been recognized as sound through the entire judicial history of this state. The allegation in the petition that the claim asserted by the defendant Baer, Sternberg & Cohen, Inc.,

294

was false, fictitious, and fraudulent is a conclusion of the pleader, as no facts are alleged in support of this conclusion. Whether the suit was on contract or for a tort does not appear in the petition. Pye et al. v. Wyatt (Tex. Civ. App.) 151 S. W. 1086.

Under sufficient allegations, the district court would have had jurisdiction to have granted the relief sought, as the judgment against the petitioner was for less than $20.

In Jennings et al. v. Shiner (Tex. Civ. App.) 43 S. W. 276, 277, writ of error denied, the court says: "We are of opinion that, if such a plea was properly interposed and established, there was a want of jurisdiction in the court that would warrant an injunction against the judgment. From the statement of facts, while it appears that the justice overruled the plea, it does not appear but that he did so upon testimony that warranted that result. In applying for an injunction on the ground relied on in this case, it was clearly necessary to aver and prove either that the evidence going to establish the plea was all in favor of it, or that the facts stated in the plea were admitted; for, if there was conflicting testimony heard on the issue, the decision by the justice on the facts should not be reviewed. He undoubtedly had power to hear and determine the evidence relating to the plea, and, if this was done upon testimony that would warrant finding against the plea, his jurisdiction over the defendant was properly and finally determined."

In Coca Cola Co. v. Allison, 52 Tex. Civ. App. 54, 113 S. W. 308, 310, in passing upon the sufficiency of the allegations in the petition for an injunction to restrain a judgment rendered in justice court on an account for $8.25, the court says: "The petition alleges that the plea of privilege was presented to the justice and by him overruled. It further alleges that the petitioner presented his plea of privilege in the justice's court, 'and proved the truth of the contents of the same.' It does not set out the evidence tending to sustain the plea and state that there was no other evidence, or negative the fact that plaintiff also introduced evidence tending to disprove the plea. The allegation that appellant proved the truth of the contents of its plea is at most a conclusion of the pleader. The evidence in support of the plea should have been set out as well as that, if any, tending to disprove the allegations therein. If there was evidence both ways on the plea, and the justice of the peace in overruling the same simply committed an error of law, then the judgment could not be enjoined."

The plaintiff's petition does not disclose whether the judgment in justice court was entered by default or upon a hearing in which he offered a defense. It does not disclose that he made a motion for rehearing after the judgment was rendered. He alleges no defense to the suit against him in justice court except his legal conclusion that the claim was false and fictitious. Odom v. McMahan, 67 Tex. 292, 3 S. W. 286; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Tex. 1, 6 S. W. 790; Mann v. Brown (Tex. Civ. App.) 201 S. W. 438.

In our opinion, the allegations in plaintiff's petition were insufficient to authorize the issuance of the temporary injunction. The judgment is therefore reversed, and the injunction dissolved.