The HANOVER INSURANCE
COMPANY et al., Appellants,

v.

J. T. RICHARDSON et al., Appellees.

No. 16527.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 23, 1975.

Rehearing Denied Nov. 20, 1975.

Johnson, Guthrie, Billings & Nash, Robert Lee Guthrie, Dallas, for appellants.

Brown & Haden, Charles M. Haden, Houston, for appellees.

COLEMAN, Chief Justice.

This is an appeal from an order overruling pleas of privilege. No findings of fact or conclusions of law were requested or filed.

Appellants, The Hanover Insurance Company and the Peninsular Fire Insurance Company, reside in Dallas, Texas. Hanover and Peninsular were co-insurers to the extent of $120,000.00 each of a building located in Porter Springs, Houston County, Texas. The building, formerly a school house, was owned by appellee, J. T. Richardson, a resident of Houston, Harris County, Texas, at the time of the fire. Richardson arranged insurance coverage for the building through H. L. Shaw and Associates, a Houston agent at that time for both Hanover and Peninsular. The building was destroyed by fire on February 11, 1974. Richardson brought this action in Harris County to collect the insurance which he alleges is due to him under the insurance policies. Hanover and Peninsular filed their pleas of privilege to have the case transferred to Dallas County, Texas. Richardson filed controverting affidavits in which he relied on Subdivision 23, Article 1995, V.A.C.S. Subsequently he presented a "Supplemental Controverting Plea" by which he alleged facts bringing the case within Subdivision 27, Article 1995, Vernon's Annotated Civil Statutes, as a basis for retaining venue in Harris County. Subdivisions 4 and 29a of said Article 1995 were set up in the controverting affidavits, but appellee does not rely on these subdivisions on this appeal.

Appellee, J. T. Richardson, asserts that his pleading and the evidence introduced thereunder are sufficient to support the trial court's judgment under both exceptions 23 and 27 of Article 1995, supra. The insurance companies assert that venue is not sustainable in Harris County, Texas, because the proof is insufficient to establish a cause of action against either of the defendant insurance companies and because there is no proof to support findings that the insurance companies maintained an agent in Harris County at the time the suit was filed. The appellants also assert that the judgment cannot be sustained under exception 27 because there is no sufficient pleading alleging that either Hanover or Peninsular are foreign corporations.

The transcript contains an instrument under the style and number of this case entitled "Supplemental Controverting Plea." It shows no clerk's file mark but there is a notation "Filed among the papers." There is another instrument found in the transcript bearing the notation "Filed: March 17, 1975," which is entitled "Supplemental Pleas of Privilege." The first paragraph of this instrument reads:

"Now comes the Defendants, Hanover Insurance Company and Peninsular Fire Insurance Company, and in reply to Plaintiff's supplemental controverting plea, files this their supplemental pleas of privilege and represent to the Court as follows: . . ."

The judgment indicates that the pleas of privilege were heard on March 17, 1975. There is nothing in the record to indicate that either of the defendants objected in any way to the consideration of the supplemental controverting affidavit. The record establishes that the applicability of Section 27 to the facts of this case was before the

trial court. Evidence in support of venue under this provision of the statute was admitted during the trial without objection.

■ Appellants contend that the supplemental controverting affidavit was never filed and that leave of court to file same has not been shown. The record does not show whether leave to file was requested or granted, but since this pleading was considered by the court, leave is presumed. *Lucas v. Hayter Realty Co.,* 376 S.W.2d 790 (Tex.Civ.App.—San Antonio, 1964, error dism'd); *Villarreal v. State of Texas,* 495 S.W.2d 28 (Tex.Civ.App.—Corpus Christi, 1973, no writ hist.).

■ The instrument was considered by the trial court and was found among the papers of the cause. The fact or not of a file mark is not conclusive of the question of a filing but only a circumstance in the evidence.

"There may be a file mark and no filing; there may be no file mark and a filing." *Consolidated Furniture Co. v. Kelly,* 366 S.W.2d 922 (Tex.1963)

The record does not establish when or in what manner the supplemental controverting affidavit was presented to the court. In *Mergele v. Houston,* 436 S.W.2d 951 (Tex.Civ.App.—San Antonio, 1968, writ ref'd n. r. e.), the court said:

"Rule 66, T.R.C.P., provides in part that the court may allow the pleadings to be amended during the trial and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his defense upon the merits. Although the application of these rules is within the sound discretion of the trial judge, nevertheless, the interpretation followed by the appellate courts is that such discretion is to be exercised liberally in favor of justice. . . . "

The defendants also contend that the affidavit attached to the supplemental controverting plea was defective.

■ A controverting plea can be amended. The failure to call the court's attention to defects in such a plea before the court renders its order on the plea of privilege, even defects of substance, will waive the error. *Cactus Drilling Corp. v. Hagar,* 487 S.W.2d 758 (Tex.Civ.App.—El Paso, 1972, no writ hist.); *Cabrera v. Texas Consumer Finance Corp.,* 494 S.W.2d 581 (Tex.Civ.App.—Ft. Worth, 1973, no writ hist.).

The trial court did not err in considering the supplemental controverting affidavit.

■ Appellants' contention that there is no evidence to support a finding that the insurance companies had an agent in Harris County, Texas at the time the suit was instituted is also without merit. There is evidence that at the time the policies were issued, December 27, 1973, H. L. Shaw, a resident of Harris County, Texas, was an agent for both companies. The proof of loss statements dated March 21, 1974 to both Hanover and Peninsular indicate that Shaw was agent at that time. The original petition was filed on May 3, 1974 and the venue hearing was held on March 17, 1975. As of January 9, 1975 the evidence is that Shaw was no longer the agent of Hanover. There is no testimony as to when the agency was terminated. Peninsular introduced testimony as follows:

"We sent him (apparently referring to Mr. Shaw) a telegram at 4:20 p. m. on February 15, suspending his binding authority immediately. I believe that is the date that we learned of the loss. We followed that by a letter dated February 19, advising him that the contract cancellation conditions would be exercised."

There is no testimony as to the specific conditions for contract cancellation. There is no testimony establishing that the contract in fact was cancelled or the date on which the cancellation became effective. In Vol. 1, McCormick & Ray, Texas Law of Evidence, 2d ed., ch. 4, section 81, we find:

"It is often stated as a settled rule of evidence that where a person, object, re-

lation or state of things is proved to have existed at a particular time, its continuance is presumed until the contrary is shown. This so-called presumption has been applied to a great variety of subjects including: . . . continuance of partnership . . . and many others. As used in this connection the word presumption is obviously a permissive and not a mandatory one and means merely that if such condition has been shown to exist at a given time an inference may be drawn that it continued to exist . . ."

There is evidence of probative value that both Hanover and Peninsular had an agent in Harris County, Texas at the time this suit was filed and the hearing was held. Section 27 provides in part that venue can be maintained against a foreign corporation in any county where such company may have an agent or representative. The evidence establishes that both insurance companies were foreign corporations. The appellants have failed to show that the trial court's judgment was improper in that it could not be sustained by reason of exception 27 to Article 1995, supra.

In reaching this conclusion we have followed the rule expressed in *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97 (1957), as follows:

"If, discarding all adverse evidence, and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding."

■ Venue may also be established under Subdivision 23 of Article 1995, supra. It is undisputed that the policies sued on were issued in Harris County, Texas. A cause of action arises in part in the county in which the contract was made. *Brass Brakes, Inc. v. Brake-O International, Inc.,* 473 S.W.2d 679 (Tex.Civ.App.—Waco, 1971,

no writ hist.). However it is necessary that plaintiff show all elements of a cause of action by a preponderance of the evidence. McDonald, Texas Civil Practice, Sec. 4.30.2–(I). The evidence establishes that Shaw had authority to bind both Hanover and Peninsular; Hanover and Peninsular issued the policies covering the premises in question; the building insured was destroyed by fire during the term of the policies; appellee paid the required premium for the policies; appellee filed the necessary proof of loss forms; and Hanover and Peninsular refused to pay the loss established by the proof of loss form.

■ Appellants contend that Richardson failed to prove a meritorious cause of action in that the policies are null and void for the reason that Richardson had no insurable interest in the property at the time the policies were issued; the policies were cancelled although after the loss occurred; the policies were procured by fraud; the policies were illegal, and there was a failure of consideration for the policies. At a trial on the merits, proof of these matters would require affirmative pleading. Vernon's Annotated Rules of Civil Procedure, Rule 94. A plaintiff in a venue proceeding is not required to defeat affirmative defenses. *Ocean Systems, Inc. v. Educational & Research Devices, Inc.,* 493 S.W.2d 641 (Tex. Civ.App.—Amarillo 1973, writ dism'd). In the case above cited the court stated:

" . . . At the venue hearing, the answer of Ocean Systems, Inc. was not before the court for consideration of the verified denial of the justness of the account sued on; moreover, under the due order of pleading, if the answer were submitted to place the correctness of the account in issue before determination of the plea of venue, the jurisdictional power of the court would be invoked over the issue with the consequent waiver of the plea of privilege. *Moore v. James,* 242 S.W.2d 958 (Tex.Civ.App.—San Antonio, 1951, mandamus overruled), and cited cases. The contention that the evidence shows a material breach of the contract is

a defensive plea that reaches the merits of the action and is not a subject of inquiry on the venue hearing, *Harvey v. Bain,* 140 Tex. 375, 168 S.W.2d 234 (1943), where the plaintiff is not required to defeat affirmative defenses. 1 McDonald, Texas Civil Practice, § 4.30.2."

In *Beckham Development Co. v. Bruce Clark & Associates,* 492 S.W.2d 287 (Tex. Civ.App.—Dallas, 1973, no writ. hist.), the court recognized the rule that an inquiry into matters constituting an affirmative defense is not appropriate in a venue hearing. See also *Harvey v. Bain,* 140 Tex. 375, 168 S.W.2d 234 (1943).

◾ Appellant also asserts by point of error the proposition that Subdivision 27 of Article 1995 is unconstitutional in that it permits venue to be maintained against foreign corporations without proof of a cause of action while Subdivision 23 requires proof of a cause of action to maintain venue against a domestic corporation. Such a contention has been explicitly rejected by the Texas Supreme Court in *Commercial Insurance Co. of Newark, New Jersey v. Adams,* 369 S.W.2d 927 (Tex.1963).

The judgment is affirmed.