**AMOCO PRODUCTION COMPANY et al., Appellants,**

v.

**William S. ARENDALE, Trustee, et al., Appellees.**

**No. A2006.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 2, 1979.

Rehearing Denied May 23, 1979.

D. J. Capp, Houston, W. B. Browder, Midland, Robert E. Kelly, Jr., E. H. Brown, Reese Copeland, James W. McCartney, H. Ronald Welsh, Vinson & Elkins, Houston, for appellants.

Preston Shirley, Mills, Shirley, McMicken & Eckel, Galveston, Robert Lee Bobbitt, Jr., Brite, Drought, Bobbitt & Halter, San Antonio, Tom P. Hamill, John T. Marshall, Houston, Jimmy Phillips, Angleton, David Bland, Barrow, Bland & Rehmet, Kronzer, Abraham & Watkins, Houston, for appellees.

Before MILLER, PRESSLER and SALAZAR, JJ.

PRESSLER, Justice.

This is a case concerning venue under subdivision 27, article 1995, Tex.Rev.Civ. Stat.Ann. Appellants Amoco Production Company (Amoco), Mobil Oil Corporation (Mobil) and Phillips Petroleum Company (Phillips) bring this appeal from an order of the district court overruling their pleas of privilege.

Appellees are owners of royalty interests in the Old Ocean Field and Unit located in Brazoria and Matagorda Counties, Texas. This suit was filed by appellees in Brazoria County, Texas against the appellants herein and the other operators in the Old Ocean Field and Unit claiming underpayment of gas royalties.

Amoco and Phillips filed separate pleas of privilege to have the portion of the case which is against them transferred to Harris County. Mobil filed its plea of privilege to have the portion of the case which is against it removed to Dallas County. Controverting affidavits were filed in reply to each plea of privilege. The trial court heard the appellants' evidence, and at the close of the evidence, overruled all pleas of privilege. Appellants have perfected this appeal from the ruling of the trial court.

Appellees' controverting pleas were based on subdivision 27, article 1995, Tex.Rev.Civ. Stat.Ann., which states:

27. Foreign corporations.—Foreign corporations, private or public, joint stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside.

Appellants' main contention is that subdivision 27 of article 1995 does not apply to a foreign corporation with a permit to do business in Texas. They argue that a foreign corporation with a permit to do business within the state is entitled to the same rights and privileges as a domestic corporation for venue purposes, thus making subdivision 27 inapplicable, or, alternatively, requiring proof of a cause of action against it when venue is attempted solely on the basis of there being an agent or representative in the county in which the suit is filed.

■ Article 1995, Tex.Rev.Civ.Stat.Ann., establishes the venue rule in Texas civil cases. The general rule established by article 1995 is that an individual who resides in Texas is entitled to be sued in the county of his domicile except in certain instances as set out in the various subdivisions of article 1995.

The appellants in this case are foreign corporations, each with a permit to do business within this state. Article 8.01, Tex. Bus.Corp.Act Ann., states in part that a foreign corporation may not transact business within Texas until it has received a permit to do so. Article 8.02, Tex.Bus.Corp. Act Ann. (Supp.1979), in setting forth the powers of a foreign corporation with a permit to do business within the state provides in part that such corporations shall "enjoy the same, but no greater rights and privileges as a domestic corporation . . . ." Appellants argue that the language of article 8.02 thus "domesticates" foreign corporations with permits to do business in Texas insofar as the venue statutes are concerned.

Two Texas cases have dealt with article 8.02, or legislation similar to it, and its impact on the venue statutes. *Fireman's Fund Insurance Company v. McDaniel*, 327 S.W.2d 358 (Tex.Civ.App.—Beaumont 1959, no writ)[1]; *Coca Cola Co. v. Allison*, 52 Tex.Civ.App. 54, 113 S.W. 308 (1908, no writ). Both cases held that article 8.02, and legislation similar to it, were intended only to put a foreign corporation with a permit to do business within the State of Texas upon the same ground as domestic corporations in various business dealings, and thus had no effect on the venue statutes. If appellants' contention were upheld, we would require stricter venue proof against such corporations than is required under subdivision 27. We hold that subdivision 27 sets forth the venue rules for foreign corporations doing business in the State of Texas. Appellees, in order to maintain venue in Brazoria County, need only show that appellants are foreign corporations doing business in this state and that each had an agent or representative in Brazoria County, Texas. *Mobil Oil Corporation v. Cook*, 494 S.W.2d 926 (Tex.Civ.App.—Amarillo 1973, no writ); *Hanover Insurance Company v. Sanford*, 457 S.W.2d 115 (Tex.Civ.App.—Beaumont 1970, no writ); *Pacific Finance Corporation v. Ramsey*, 305 S.W.2d 297 (Tex.Civ.App.—Waco 1957, no writ).

It is clearly established that each of the appellants before this court is a foreign corporation with a permit to transact business within the state. Phillips in its brief stated that it had an agent or representative in Brazoria County, Texas at all relevant times. Amoco, through its operation of the Old Ocean Plant and its designation as unit operator of the Old Ocean Field and Unit in Brazoria County, also has had an agent or representative in Brazoria County at all relevant times. Mobil denies that it has an agent or representative in Brazoria County. However, by virtue of the Unitization Agreement between all parties in the suit below, the record contains sufficient evidence for the trial court to have concluded that Amoco had been, at all relevant times, Mobil's agent in Brazoria County.

The trial court could have reasonably concluded that appellees met all of the necessary venue requirements set forth in subdivision 27, article 1995 to maintain suit in Brazoria County, Texas. The trial court properly overruled appellants' pleas of privilege.

The order of the trial court is affirmed.

Affirmed.

---

1. The holding in *McDaniel* regarding the constitutionality of subdivision 27 has been disapproved in *Commercial Insurance Company of Newark, New Jersey v. Adams*, 369 S.W.2d 927 (Tex.Sup.1963).