**FARMLAND INDUSTRIES, INC., Appellant,**

v.

**Bruce MOORE, Appellee.**

**No. 6133.**

Court of Civil Appeals of Texas, Waco.

March 13, 1980.

Tom H. Whiteside, Griffis & Griffis, San Angelo, for appellant.

Richard T. Miller, Senterfitt, Adams, Miller & Childress, San Saba, for appellee.

## OPINION

JAMES, Justice.

This is a venue case involving Subdivision 27, Article 1995, Vernon's Texas Civil Statutes, pertaining to suits against foreign corporations. Plaintiff-Appellee Bruce Moore brought this suit in McLennan County against Defendant-Appellant Farmland Industries, Inc. (a foreign corporation authorized to do business in Texas) and Defendant San Saba Peanut Growers Cooperative Association, seeking to recover for the loss of 108 feeder hogs which allegedly died as a result of defective feed manufactured by Farmland and sold to Plaintiff Moore by the Coop. Additionally, Moore sought recovery for damages to 78 hogs which did not die but which were allegedly substantially impaired by the feed.

In his original petition, Plaintiff Moore sought treble damages and reasonable attorney's fees under the Texas Deceptive Trade Practices Act, and sued alternatively for actual damages and reasonable attorney's fees for breach of express and implied warranties, and under the theory of strict liability.

Defendant-Appellant Farmland filed a plea of privilege to be sued in Randall County, its asserted residence; whereupon Plaintiff-Appellee Moore controverted under Section 27, Article 1995 and also under Article 17.56 of the Texas Business and Commerce Code, the latter being the special venue statute under the Texas Deceptive Trade Practices Act.

Hearing was had upon venue, at which Plaintiff introduced in evidence his Original Petition, together with Plaintiff's Request for Admissions and Interrogatories and Defendant Farmland's answers in response thereto. As a part of Defendant-Appellant Farmland's said answers, Farmland admitted that (1) it was a foreign corporation not incorporated by the laws of the State of Texas, and (2) that it had an agency or representative in McLennan County, Texas. No further evidence was introduced at the hearing. The trial court entered an order overruling the plea of privilege from which Defendant Farmland appeals.

By its two points of error Appellant asserts error of the trial court in overruling

the plea of privilege because: (1) Plaintiff abandoned its controverting plea, and (2) Plaintiff failed to prove a cause of action. We overrule both points of error and affirm the trial court's judgment.

■ We revert to Appellant's first point, wherein it is contended that Plaintiff "abandoned" his controverting plea since he delayed approximately two years in setting the venue hearing. This point is raised for the first time on appeal. Defendant-Appellant Farmland levelled no special exception and made no objection to Plaintiff's Controverting Plea in the trial court, and therefore has waived such defect. Rule 90, Texas Rules of Civil Procedure; *Hanover Insurance Co. v. Richardson* (Houston 1st CA 1975) 529 S.W.2d 608, writ dismissed; *Great Southwest Life Ins. Co. v. Camp* (Fort Worth CA 1971) 464 S.W.2d 702, no writ.

■ Appellant asserts in its second and remaining point that the trial court erred in overruling its plea of privilege because Plaintiff failed to prove a cause of action. This point is without merit, because Appellant admits, and it is well settled, that in order to establish venue in the county of suit under Subdivision 27 of Article 1995, Plaintiff need only to prove (1) Defendant is a foreign corporation (2) with an agency or representative in the county of suit. *Empire Gas and Fuel Co. v. State* (Tex. 1932) 121 Tex. 138, 47 S.W.2d 265; *Southwestern Greyhound Lines v. Day* (Eastland CA 1951) 238 S.W.2d 258, no writ. In the case at bar, we hold that Plaintiff-Appellee has met his burden of proof under Subdivision 27 of Article 1995.

Appellant argues that Article 17.56, Texas Business and Commerce Code, which is the special venue statute of the Texas Deceptive Trade Practices Act, is mandatory in deceptive trade practices cases by virtue of Section 30 of Article 1995; that Subdivision 27 of Article 1995 is a permissive venue provision and must yield to the mandatory provisions of Article 17.56; and in order to sustain venue under Article 17.56 as it was worded at the time Plaintiff's suit was filed, the Plaintiff was required to plead and prove a cause of action. Appellant then says that Plaintiff-Appellee Moore failed to prove a cause of action, and therefore the trial court erred in overruling the plea of privilege. We do not agree.

Appellant's argument does not take into account that Appellee has not only pleaded a cause of action under the Deceptive Trade Practices Act, but has also pleaded alternatively a cause of action for breach of express and implied warranty, and for strict liability. We therefore do not reach the question of whether Article 17.56, Tex.Bus. and Comm.Code, as it existed at the time pertinent to this case, was mandatory or permissive; because under Plaintiff-Appellee's alternative cause of action for breach of warranty and strict liability, Plaintiff has met his burden of proof for venue purposes under Subdivision 27 of Article 1995. See *O. M. Franklin Serum Co. v. C. A. Hoover and Son* (Amarillo CA 1966) 410 S.W.2d 272, writ refused, no reversible error, in 418 S.W.2d 482. In other words, Article 17.56 does not come into play here.

Appellant Farmland further argues that Subdivision 27 of Article 1995 cannot be applied against a foreign corporation that has been certified or authorized to do business in the State of Texas, because of the provisions of Article 8.02 of the Business Corporation Act. Article 8.02 in its pertinent parts reads as follows:

"A foreign corporation which shall have received a certificate of authority under this Act shall . . . enjoy the same, but no greater, rights and privileges as a domestic corporation . . . ."

■ Appellant argues that this provision essentially makes a foreign corporation "authorized" to do business in Texas, the equivalent of a domestic corporation and that for venue purposes, Subdivision 23, rather than Subdivision 27, would control against an "authorized" foreign corporation, citing *Burrows v. Texas Kenworth Co.*

(Tyler CA 1977) 554 S.W.2d 300, writ dismissed. Although *Burrows* is supportive of Appellant's contention, we do not agree with *Burrows*, but take the contrary view as expressed by *Amoco Production Co. v. Arendale* (Houston 14th CA 1979) 581 S.W.2d 755, writ dismissed; *Fireman's Fund Insurance Co. v. McDaniel* (Beaumont CA 1959) 327 S.W.2d 358, no writ; and *Coca Cola Co. v. Allison* (1908) 52 Tex.Civ.App. 54, 113 S.W. 308, no writ. Article 8.02, Tex.Bus.Corp. Act, is a *general* statute relating to foreign corporations, whereas Subdivision 27 of Article 1995 is a *specific* provision regarding venue in actions brought against foreign corporations. The general rule is that when the law makes a general provision, apparently for all cases, and a specific provision for a particular type case, then the general must yield to the specific. *Sam Bassett Lumber Co. v. City of Houston* (Tex.1947) 145 Tex. 492, 198 S.W.2d 879. Although as a general rule under Article 8.02, foreign corporations authorized to do business in Texas may have the same rights and privileges as domestic corporations, yet in the special instance of venue, suits against foreign corporations are governed by a different provision, to wit, Subdivision 27 of Article 1995, from domestic corporations, the latter being governed by Subdivision 23 of said Article.

We have carefully considered Appellant's points and contentions, and overrule all of same as being without merit. Judgment of the trial court is accordingly affirmed.

AFFIRMED.