**Guadalupe MUNOZ et al., Appellants,**

v.

**FARMLAND INDUSTRIES, INC., et al., Appellees.**

**No. B2191.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 21, 1980.

Rehearing Denied July 9, 1980.

Before MILLER, PAUL PRESSLER and SALAZAR, JJ.

## ON MOTION FOR REHEARING

SALAZAR, Justice.

On appellants' motion for rehearing, the court withdraws the original opinion filed May 21, 1980, and substitutes the following opinion. Appellants' motion for rehearing is overruled.

Plaintiff Munoz, joined by his compensation carrier, American General Insurance Company, sued some twelve defendants, four of whom, Farmland Industries, Inc., Diamond Shamrock Oil Company, Bonds Oil Company, and Wylie L. P. Gas, Inc., filed pleas of privilege. The trial court granted all of the pleas, entered findings of fact and conclusions of law, and plaintiffs appeal. We affirm.

Guadalupe Munoz was injured in a propane gas explosion while working as an employee of the Acuff Co-Op of Lubbock County. He and a fellow employee were digging a hole approximately seventeen feet deep at the time of the accident. A large fire was ignited as Munoz attempted to light a cigarette during an afternoon break, causing massive burns to his body. After the accident, Acuff discovered that a leak had developed in a section of the underground piping system carrying propane gas. This gas, being heavier than air, gravitated to the lower elevation of the hole being dug. The cause of the leak in the piping system was not established. The main thrust of the lawsuit is one of products liability, breach of warranty, and negligence.

Appellants' points of error can be grouped according to four venue provisions. In general, appellants complain that the trial court erred (1) in granting the pleas of privilege of defendants Farmland, Diamond Shamrock, Wylie, and Bonds under subdivision 4 of Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964); (2) in granting the pleas of privilege of defendants Farmland and Dia-

Warren Weir, San Antonio, for appellants.

Raybourne Thompson, Jr., James B. Sales, Vincent Rehmet, John H. Boswell, Don A. Weitinger, Houston, Fredrick J. Bradford, Galveston, for appellees.

mond Shamrock under venue subdivision 23, art. 1995; (3) in granting the plea of privilege of defendant Farmland under subdivision 27, art. 1995; and (4) in granting the pleas of privilege of defendants Farmland and Diamond Shamrock under the special venue provision § 17.56 of the Deceptive Trade Practices Act, 1973 Tex.Gen.Laws, ch. 143, § 1, at 331.

## SUBDIVISION 4: DEFENDANTS IN DIFFERENT COUNTIES

■ To invoke subdivision 4, plaintiff must prove that suit is against more than one defendant, that at least one defendant resides in the county where suit has been filed, and that a cause of action exists as to the resident defendant. *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936).

It is uncontroverted that appellants proved the first two requirements of venue under subdivision 4; however, the trial court found that appellants failed to prove a cause of action against a resident defendant. After reviewing the evidence, we are satisfied that appellants did not carry their burden of proof in establishing a cause of action under theories of either simple negligence or strict liability.

■ The evidence amply supports the trial court's conclusion that appellees satisfied their duty of care under theories of simple negligence to warn of the presence of propane gas by using ethyl mercaptan in amounts at least equal to those prescribed by the Railroad Commission. The questions remaining are whether a duty to further warn existed under strict liability theory and whether failure to warn was a proximate cause of the injury.

■ Appellees defend their failure to further warn, without admitting any duty to do so, by maintaining that any further warning would not have prevented the accident, and, therefore, the lack of further warning was not a proximate cause of the injury. The trial court found that

> [a]ny additional warning that the ethyl mercaptan might lose its properties under certain soil and other variable conditions

would be meaningless and could be neither a producing, contributing nor a proximate cause of the accident of May 24, 1976.

This finding is supported by evidence that Acuff, a licensee of the Railroad Commission, ignored regulations (binding only after Acuff's pipes were installed) which required that all new piping installations have protection from corrosion. The inference to be drawn from these regulations is that Acuff was put on notice that pipes without protection from corrosion present a potential danger which Acuff as a licensee, had a duty to discover and avoid. As authorized by Tex. R.Civ.P. 299, we presume a finding that the defendants' failure to further warn, if there was such a duty (a question which we do not address on this appeal), was not a proximate cause of the injury to Munoz.

■ We also hold that Munoz was not a consumer of goods or services. §§ 17.50(a), 1973 Tex.Gen.Laws, ch. 143, § 1 at 326 and 17.45(4) of the 1975 Tex.Gen.Laws, ch. 62, § 1, at 149. Therefore, appellants did not establish a cause of action under the Deceptive Trade Practices Act.

This disposes of all points concerning Wylie's and Bonds' pleas of privilege, and the trial court's order granting their pleas is affirmed. The order is also affirmed as to Farmland and Diamond Shamrock on points relating to subdivision 4.

## SUBDIVISION 23: CORPORATIONS AND ASSOCIATIONS

■ The same considerations that require proof of a cause of action under subdivision 4 compel the same requirement under subdivision 23. *Hudson & Hudson Realtors v. Savage*, 545 S.W.2d 863 (Tex.Civ.App.—Tyler 1976, no writ). Plaintiffs did not carry their burden of proof in establishing a cause of action against either Farmland or Diamond Shamrock.

## SUBDIVISION 27: FOREIGN CORPORATIONS

■ The trial court concluded that subdivision 27 is inapplicable to corporations which have been duly domesticated. This

was error. We have held recently that subdivision 27 *does* apply to foreign corporations duly domesticated. *Amoco Production Company v. Arendale*, 581 S.W.2d 755 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ dism'd).

 The trial court's error is not reversible, however, because another fact plaintiffs must prove to sustain venue under subdivision 27 is that Farmland had an agency or representative in Harris County. The court found that Farmland did not have an agency or representative in Harris County, and, although there is evidence that Mr. J. Q. DeLap was at least a representative, there is also some evidence that he was a mere employee. The evidence that he was a representative does not preponderate against the evidence that he was a mere employee; therefore, the trial court's order granting Farmland's plea of privilege is affirmed in this regard.

*DECEPTIVE TRADE PRACTICES ACT: § 17.56*

This special venue statute is inapplicable to this cause because plaintiffs failed to meet the requirements of Tex.R.Civ.P. 86. Rule 86 requires that the grounds relied upon to confer venue where the suit is pending be set out specifically in the controverting plea. Although plaintiffs allege a cause of action under the Deceptive Trade Practices Act in their fifth amended petition, they did not specifically set out § 17.56 as grounds for venue in the controverting plea. Therefore, we do not reach discussion of other points of error related to the trial court's findings and conclusions concerning venue under this Act. The trial court's order granting Farmland's and Diamond Shamrock's pleas of privilege is affirmed under points relating to § 17.56.

Our disposition of the points discussed above is not to be interpreted as a concurrence with findings of fact and conclusions of law entered by the trial court which were not relied upon in disposing of points of error on this appeal. With this reservation, the order of the trial court sustaining the pleas of privilege of defendants Farmland, Diamond Shamrock, Wylie, and Bonds is affirmed.