Carl and Jo Ann CASEY, Appellants,

v.

Jot HODGES, Jr., Appellee.

No. 01–81–0763–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 11, 1982.

Rehearing Denied Sept. 23, 1982.

Robert J. Vanderlyn, Houston, for appellant.

F. Glenn Smith, III, Houston, for appellee.

Before WARREN, DUGGAN and PRICE, JJ.

PRICE, Justice.

This is an appeal from an order sustaining a plea of privilege. Appellants filed suit in Harris County alleging negligence and violations of the Texas Deceptive Trade Practices Act. Appellee, a resident of Fort Bend County, filed a plea of privilege and appellants controverted it, relying on the venue exception contained in Tex.Rev.Civ. Stat.Ann. art. 1995 § 4 and Tex.Bus. & Com.Code Ann § 17.56 (Vernon Supp. 1978–79). The court sustained appellee's plea of privilege.

Findings of fact and conclusion of law were neither requested nor filed.

Appellants raise two points of error. The first is that the trial court erred in ruling that the appellant failed to establish venue in Harris County under Tex.Rev.Civ.Stat. Ann. art. 1995 § 4. The second is that the trial court erred in ruling that appellants failed to plead and prove a cause of action against a resident defendant pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act.

Appellants contend that the case comes under Tex.Rev.Civ.Stat.Ann. art. 1995 § 4, which provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. Appellants contend that they have proven all of the necessary venue facts in order to come within the exception and that the trial court erred in ruling that they did not meet this exception.

In *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (1935), it was held that the venue facts which one must allege and prove are those stated in the particular exception that is applicable to the character of the suit alleged in the appellants' petition. The language of exception 4 suggests that the venue facts to be alleged and proven by the appellant are the residence of one of the defendants in the county where the suit is pending and a suit brought against two or more defendants. A proper suit against two or more defendants is a suit in which the defendants are properly joined.

■ In *Caprito v. Weaver,* 77 S.W.2d 595 (Tex.Civ.App.1934), another venue fact which the appellants are required to plead and prove has been added to exception 4 by judicial construction. In a trial on the plea of privilege, the plaintiff is required to prove the allegations of his petition to the extent of showing a bona fide cause of action against the resident defendant, or the plea should be sustained. See also *Richardson v. D.S. Cage Company,* 113 Tex. 152, 252 S.W. 747 (1923).

The testimony at the hearing is undisputed that one of the defendants, Raymond C. Kerr, had been a resident of Harris County for the preceeding eight years. Thus, the first element of exception 4 has been met.

■ The second element of exception 4 is that the defendant who is asserting the plea of privilege, Jot Hodges, is at least a proper party to the claim against the resident defendant. The allegations of appellants' petition are sufficient proof under subdivision 4 to show the joint cause of action against the resident defendant, Raymond Kerr, and non-resident defendant, Jot Hodges. *Ladner v. Reliance Corp.,* 156 Tex. 158, 293 S.W.2d 758 (Tex.1956); *Cemco, Inc. v.*

*World Wide Investors,* 487 S.W.2d 833 (Tex. Civ.App.—Waco 1972, no writ); *Stockyards National Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (1936). In the instant case, appellants have alleged a joint cause of action under the theory of partnership against Kerr, a resident defendant, and Hodges, a nonresident defendant. Further, the appellees have failed to deny under oath the existence of the partnership as is required by Tex.R.Civ.P. 86 and 93. Tex.R. Civ.P. 86 states in part:

> ... when a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue, provided that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea
> ...

In looking to Tex.R.Civ.P. 93 we find that a denial of a partnership, as alleged in the plaintiff-appellants' petition must be made under oath.

> A pleading setting up the following matters, unless the truth of such matters appear of record, shall be verified by affidavit ...
>
> (f) a denial of partnership as alleged in any pleading as to any party to the suit.

Since no denial of the partnership was made in accordance with the provisions of Rules 86 and 93, and because the appellants' original petition shows a joint cause of action, appellants have satisfied the second element of exception 4.

■ The third element requires proving a cause of action against a resident defendant. The hearing upon the issues made by the plea of privilege and the controverting affidavit is intended to be a trial of the question of venue and not of the merits of the case. This hearing should not be extended into a consideration or trial of the merits of the case farther than is made necessary by the peculiar language of the particular exception to the venue provision upon which the appellant relies.

The appellants maintain that they have pleaded in their petition, as grounds for recovery, a cause of action under the Deceptive Trade Practices-Consumer Protection Act and therefore, are entitled to benefit from that act's special venue provision which allows a mere allegation without any proof to establish a cause of action in a plea of privilege hearing. The appellee contends that the appellants' petition is insufficient and does not properly allege a cause of action under the said act because the allegations are vague and conclusory and are subject to special exceptions.

We have examined the appellants' petition and we believe that it does allege a cause of action under the Deceptive Trade Practices-Consumer Protection Act. It does appear, however, that the language alleging the cause of action is somewhat broad and might well be subject to some special exceptions at a later time.

■ The appellees next contend that the appellants failed to comply with the requirement of Rule 86 in that their controverting plea under oath should set out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending. The appellants' controverting affidavit speaks solely to the negligence counts of their claim. However their controverting plea does incorporate their petition by reference, as is allowed by Tex. R.Civ.P. 58. As a result of appellants' incorporation of their petition into the controverting plea, their allegation of the recovery under the Deceptive Trade Practices-Consumer Protection Act becomes an allegation in the controverting affidavit. Tex. R.Civ.P. 58; *Teague Brick Sales Co. v. Hewey,* 355 S.W.2d 249 (Tex.Civ.App.— Amarillo, 1962, no writ); *Maddox v. Schwartz,* 439 S.W.2d 369 (Tex.Civ.App.— Houston [1st Dist.] 1969, no writ).

■ The special venue provision of the Tex.Bus. & Com.Code Ann § 17.56 (Vernon Supp. 1978–79) provides that, "An action brought which alleges a claim for relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business,

or has done business." Section 17.56 requires no proof of a cause of action under the Deceptive Trade Practices Act in order to sustain venue. The appellant merely has to allege a cause of action under the act. *Pettit v. England,* 583 S.W.2d 875 (Tex.Civ. App.—Dallas 1979, no writ); *Moore v. White,* 587 S.W.2d 549 (Tex.Civ.App.—Dallas 1979, no writ); *Compu-Center Inc. v. Compubill, Inc.,* 580 S.W.2d 88 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ).

■ Because the appellants have alleged a cause of action under the Deceptive Trade Practices Consumer Protection Act in their petition and because their petition was properly incorporated into the controverting affidavit, they satisfied the third element under exception 4. Having met all of the requirements of exception 4, the appellants' points are sustained, and the trial court's order sustaining the plea of privilege is reversed and remanded.

### ON MOTION FOR REHEARING

DUGGAN, Justice, dissenting.

Appellee has filed a motion for rehearing, in which he raises four points of error for reversal of this Court's panel opinion. The majority of the panel, having determined the motion to be without merit, has overruled the motion. After reconsidering the matter, I find merit to appellee's fourth point of error raised in the motion for rehearing.

Appellee's contention that appellants did not properly plead the special venue provisions of Sec. 17.56 of the Texas Deceptive Trade Practices Act, Tex. Business & Comm.Code, should be sustained and the judgment be affirmed as to that point. While appellants were authorized under Rule 58 to incorporate the allegations of their petition into their controverting affidavit, the particular question here presented is whether or not the special venue provisions of the DTPA were properly pleaded in the petition. The incorporation by reference would only be curative here insofar as the petition itself properly alleged the necessary prerequisites.

Disposition of this appeal should be governed by the case of *Munoz v. Farmland Industries, Inc.,* 603 S.W.2d 225 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ dism'd). As stated in *Munoz,* reliance upon the special venue provisions of the DTPA must be specifically set forth. While the majority's opinion would appear to state that the setting forth of a DTPA action would be sufficient to "bootstrap" the DTPA's special venue provisions, *Munoz* clearly establishes an opposite rule: "Although plaintiffs allege a cause of action under the Deceptive Trade Practices Act in their fifth amended petition, they did not specifically set out Sec. 17.56 as grounds for venue in the controverting plea." 603 S.W.2d at 229.

After reviewing appellant's original petition, no reference to the special venue provisions of Sec. 17.56 appears. While the original petition does allege that appellees had been "engaged in trade and commerce" in Harris County, this statement does not specifically set forth reliance upon the special venue provision of Sec. 17.56. I would respectfully dissent from the majority's decision to overrule the motion for rehearing, grant the rehearing and affirm the judgment.