**Jot HODGES, Jr., Petitioner,**

v.

**Carl and Jo Ann CASEY, Respondents.**

**No. C-1704.**

Supreme Court of Texas.

Feb. 23, 1983.

F. Glenn Smith, III, Houston, for petitioner.

Robert J. Vander Lyn, Houston, for respondents.

PER CURIAM.

This is an appeal from an order sustaining a plea of privilege. Carl and Jo Ann Casey (Caseys) filed suit in Harris County against Raymond L. Kerr, Jot Hodges and Charles R. Kaufmann, individually and d/b/a Hodges, Kerr & Kaufmann alleging negligence and violations of the Texas Deceptive Trade Practices Act. Kerr and Kaufmann are residents of Harris County; however, Hodges is a resident of Fort Bend County and filed a plea of privilege. Caseys controverted this plea and asserted venue under subdivisions 4 and 9a of article 1995, Tex.Rev.Civ.Stat.Ann. The controverting plea adopted their petition by reference. The trial court sustained Hodges's plea of privilege. The court of appeals reversed the trial court's order and remanded the case for trial. 640 S.W.2d 314.

Caseys introduced no evidence of negligence in support of their subdivision 9a venue; therefore, venue in Harris County must be sustained under subdivision 4[1] of article 1995. Subdivision 4 requires the following: (1) pleading and proof that one of the defendants resides in the county of suit; (2) allegations of a joint cause of action against the resident and non-resident defendants where the joinder is proper; and (3) pleading and proof of a bona fide cause of action against the resident defendant. *Stockyards National Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300, 1302 (1936).

---

1. Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 4:

Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made.

Hodges concedes the first two elements were satisfied. The principal question presented is whether the third element is satisfied by the Caseys adopting their petition in the controverting plea although the Caseys offered no evidence in support of the cause of action.

■ Caseys urge they pleaded an alternative ground of recovery under the Texas Deceptive Trade Practices Act (DTPA) and, therefore, were entitled to benefit from the DTPA's special venue provision. That provision requires an allegation of a cause of action under section 17.50 of the DTPA, but does not require proof of a cause of action. Tex.Bus. & Comm.Code Ann. § 17.56. The court of appeals held the Caseys satisfied subdivision 4 of article 1995 merely by incorporating their petition into their controverting affidavit. We disagree.

The court of appeals' holding is in conflict with our prior holdings that the plaintiff must plead and *prove* a cause of action against the resident defendant to satisfy subdivision 4 of article 1995. *Houseman v. Mahin,* 390 S.W.2d 732, 735 (Tex.1965); *Stockyards National Bank v. Maples, supra; Richardson v. D.S. Cage Co.,* 113 Tex. 152, 252 S.W. 747, 749 (1923). Had the Caseys specifically pleaded section 17.56 in their controverting plea, venue could have been maintained in Harris County without proof of the cause of action. The holding of the court of appeals, however, would allow a plaintiff to rely on this special venue provision without specifically pleading it. This is in conflict with Rule 86, Tex.R.Civ.P., which requires that the controverting plea set out "specifically grounds relied upon to confer venue of such cause on the court where the cause is pending." *See Munoz v. Farmland Industries, Inc.,* 603 S.W.2d 225, 229 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ dism'd).

The application for writ of error is granted, and without hearing oral argument, we reverse the judgment of the court of appeals and affirm the judgment of the trial court. Rule 483, Tex.R.Civ.P.