**654**

Iris MARTINEZ, et al., Appellants,

v.

**F.M.C. CORPORATION, et al., Appellees.**

No. 13–83–397–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 23, 1984.

Rehearing Denied March 22, 1984.

David L. Perry, P.C., Corpus Christi, for appellants.

Michael L. Baker, Strong, Pipkin, Nelson, Parker & Bissell, Beaumont, Frank G. Jones, Fulbright & Jaworski, Houston, Douglas W. Poole, McLeod, Alexander, Powel & Apffel, Galveston, Daniel W. Shindler, Bay City, Patricia D. Chamblin, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Frank Bean, Bean & Manning, Don

Karotkin, Funderburk & Funderburk, Larry D. Thompson, Lorance & Thompson, Robert C. Gerringer, Law Offices of John C. Kilpatrick, Kevin Dubose, Ryan & Marshall, Houston, Patricia D. Chamblin, Mehaffy, Weber, Keith & Gonsoulin, Cleve Bachman, Orgain, Bell & Tucker, Beaumont, for appellees.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

OPINION

BISSETT, Justice.

This is a venue case. Appellant, individually, and in her capacity as personal representative of the estate of her deceased husband, Marcelino P. Martinez, who allegedly died of injuries negligently inflicted by the defendants, brought suit against appellees and other defendants not parties to this appeal. Appellees all filed pleas of privilege to be sued in Jefferson County, the county of their personal or corporate residence. Appellant controverted the pleas of privilege, alleging venue to be proper in Matagorda County under the provisions of TEX.REV.CIV.STAT.ANN. art. 1995 § 4 (Vernon 1964). On stipulated facts, the trial court granted the pleas of privilege of all the appellees. We affirm.

On June 6, 1980, Marcelino P. Martinez was injured by an allegedly defective crane manufactured, sold and owned by the defendants who are not parties to this litigation. Mr. Martinez was subsequently transferred to appellee St. Elizabeth's Hospital and was treated for his injuries by the remaining appellees. Mr. Martinez died on June 12, 1980. Appellant then brought suit, originally against the manufacturer, seller and owner of the crane, under the theory of products liability. Appellant subsequently amended her pleadings to include appellees for alleged negligent health care of the deceased.

At the hearing held on appellee's plea of privilege, it was stipulated that (1) two of the products liability defendants were residents of Matagorda County, Texas and (2)

that the appellant had a cause of action against the products liability defendants who were residents of Matagorda County.

The only venue exception pled by appellant was Section 4 of Article 1995. Section 4 provides, in part, that:

"If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

It has been determined that in order to sustain venue under Section 4, the plaintiff must:

(1) Prove that one of the defendants is a resident of the county of suit;

(2) Prove a cause of action against the resident defendant; and

(3) Allege a joint cause of action against the resident and non-resident defendants or one so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined to avoid a multiplicity of suits.

*Hodges v. Casey*, 646 S.W.2d 175 (Tex. 1983); *Stockyard National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936, opinion adopted); *MWJ Producing Co. v. Sparkman*, 655 S.W.2d 286 (Tex.App.— Corpus Christi 1983, no writ); *Frost v. Molina*, 595 S.W.2d 184 (Tex.Civ.App.— Corpus Christi 1980, writ dism'd).

In her only point of error, appellant alleges that the trial court erred in granting the pleas of privilege of the appellees because all of the requisite elements for establishing a venue exception under Section 4 were established by the evidence. Since the parties stipulated to the first two elements of proof required, we need only address the question of whether or not a joint cause of action against the resident and non-resident defendants or one so intimately connected with the cause of action alleged against the non-resident defendant was pled in appellant's first amended original petition. We pause here to note that appellant's counsel argued a theory of the case which was different from that argued in his brief during oral arguments. Appellant's counsel was granted leave to file an amended brief to supply this Court with his additional authorities. We note that no brief has been filed, and we therefore restrict our consideration of this case to the points of error and arguments raised by appellant's brief. Appellant's sole argument put forth in his brief is that a joint or indivisible cause of action is proved by his pleadings.

A review of appellant's pleadings indicates a cause of action is alleged against the products liability defendants for the bodily injuries which resulted in the death of the deceased as a result of the alleged defects in the crane. Next, a cause of action is alleged against the health care defendants for acts and omissions, constituting professional negligence, which were a proximate cause of the death of the deceased and the resulting injuries to the appellant. Finally, appellant prayed that she have judgment against all of the defendants, jointly and severally, for the damages suffered by herself and the deceased.

Appellant has not alleged a joint or indivisible cause of action between the resident and non-resident defendants. Appellant's petition does not allege any joint cause of action against the products defendants and the health care defendants. Rather, it alleges two separate and distinct causes of action, (1) products liability against defendants FMC Corporation, Bado Equipment Co., Beech, Inc. and Jerry Horowitz and (2) health care liability against appellees. The causes of action, although arising out of basically one continuous transaction, are not so intimately connected as to justify the joinder of the health care liability defendants in the suit against the products liability defendants. Even though appellant prayed that she have judgment against all of the defendants jointly and severally, we do not find that her pleadings allege a joint cause of action, nor do we find that the two causes of action are so intimately connected that they need to be joined to avoid multiplicity of suits.

The judgment of the trial court is AFFIRMED.